[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 16-13918-J, 16-14643-J

_____

IN RE: DEVON CHANCE,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before TJOFLAT, WILSON, and JILL PRYOR, Circuit Judges.

JILL PRYOR, Circuit Judge:

Devon Chance seeks authorization to file a 28 U.S.C. § 2255 motion based on

*Johnson v. United States*, 135 S. Ct. 2551 (2015).  Because Mr. Chance already

filed one § 2255 motion, his new motion must be "certified as provided in section

2244 by a panel of the appropriate court of appeals to contain . . . a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme

Court, that was previously unavailable."[1]  28 U.S.C. § 2255(h)(2).  "The court of

_____

[1] The rule announced in *Johnson* is retroactively applicable to cases on collateral review.

appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C).

Mr. Chance was sentenced under 18 U.S.C. § 924(c), which requires a longer prison sentence whenever a defendant uses a firearm during a "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The statute provides more than one definition of "crime of violence," including a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). Mr. Chance contends this definition, the so-called "residual clause" of § 924(c),[2] is unconstitutional in light of *Johnson*, which held that the phrase "involves conduct that presents a serious potential risk of physical injury to another"—the "residual clause" in 18 U.S.C. § 924(e)(2)(B)(ii)—is unconstitutionally vague.

Recently, we ruled that *Johnson*'s holding may invalidate the "very similar" § 924(c)(3)(B) residual clause. *See In re Pinder*, No. 16-12084, __ F.3d __, 2016 WL 3081954, at *2 (11th Cir. June 1, 2016). At the same time, we recognized that

---

*Welch v. United States*, 136 S. Ct. 1259 (2016).

[2] An offense also qualifies as a "crime of violence" under § 924(c) if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). This definition is known as the "elements clause" or the "use-of-force clause."

2

the "law is unsettled" on this question and left it to the district court to decide in the first instance what effect *Johnson* had on § 924(c)'s residual clause. *Id.* *Pinder* involved a § 924(c) sentence that was based on the companion conviction of conspiracy to commit Hobbs Act robbery.

## I.

Mr. Chance was, like Mr. Pinder, convicted of conspiracy to commit Hobbs Act robbery (Count 1). This conviction served as a companion to a conviction for conspiracy to possess a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(o) (Count 2). Mr. Chance was also convicted of six counts of substantive Hobbs Act robbery (Counts 26, 28, 30, 32, 34, and 36), accompanied by six counts of possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Counts 25, 27, 29, 31, 33, and 35). The sentencing court imposed a total sentence of 1,794 months' imprisonment.

After we decided that conspiracy to commit Hobbs Act robbery might not qualify as a valid companion conviction to a § 924(c) conviction after *Johnson*, we held that the substantive offense of Hobbs Act robbery still qualifies as a valid companion conviction notwithstanding *Johnson*. *See In re Saint Fleur*, No. 16-12299, __ F.3d __, 2016 WL 3190539, at *3-4 (11th Cir. June 8, 2016). The

3

*Saint Fleur* panel noted the indictment charged that Mr. Saint Fleur committed Hobbs Act robbery as defined in 18 U.S.C. § 1951(b)(1) and did so "by means of actual and threatened force, violence, and fear of injury," which satisfied § 924(c)'s elements clause. *Id.* at 3. As to the Hobbs Act robberies and corresponding § 924(c) convictions in Counts 25 through 36, here, as in *Saint Fleur*, Mr. Chance's indictment stated that he committed robbery as defined in 18 U.S.C. § 1951(b)(1), "by means of actual and threatened force, violence, and fear of injury." Thus, as in *Saint Fleur*, Mr. Chance's companion convictions for Hobbs Act robbery still qualify as crimes of violence and support his § 924(c) convictions in Counts 25, 27, 29, 31, 33, and 35. *See In re Gordon*, Nos. 16-13681 & 16-13803, __ F.3d __, 2016 WL 3648472, at *4 (11th Cir. July 8, 2016) (concluding that this Court's decision in *Saint Fleur* did not conflict with its decision in *Pinder*).

*Pinder*, however, governs Mr. Chance's § 924(o) conspiracy to possess a firearm during and in relation to a crime of violence conviction because its companion conviction was conspiracy to commit Hobbs Act robbery. Under *Pinder*, Mr. Chance's Count 1 conviction for conspiracy to commit Hobbs Act robbery may no longer be a valid companion to his Count 2 conviction in light of *Johnson*. He therefore has made a prima facie showing that his request to file a § 2255 motion satisfies § 2255(h) as to his Count 2 conviction.

4

Mr. Chance's 1,794-month sentence consisted of concurrent 210-month sentences on Counts 1 and 2, as well as the other substantive Hobbs Act robbery convictions; an 84-month sentence on one of the § 924(c) convictions (Count 26), to be served consecutively; and 300-month sentences on Counts 28, 30, 32, 34, and 36 (the other § 924(c) convictions), to be served consecutively to each other and to all other sentences. But "the sentences on [Counts 1, 2, 25, 27, 29, 31, 33, and 35] were not in fact fully concurrent." *Pinkus v. United States*, 436 U.S. 293, 304 (1978). That is because, although the terms of imprisonment were concurrent, "the $[1]00 fines on each of the counts were cumulative, totaling $[800], so that a separate fine of $[1]00 was imposed on" both Count 1 and Count 2. *Id.* at 304-05. With an additional $100 fine for the other counts (with consecutive terms of imprisonment), Mr. Chance's total fine was $1400. "Petitioner thus had at least a pecuniary interest in securing review of his conviction on each of the counts." *Id.* Thus, this case is unlike *In re Williams*, Nos. 16-13013, 16-13232, __ F.3d __, 2016 WL 3460899 (11th Cir. June 24, 2016), in which this Court recently relied on a "'rule of judicial convenience,'" the concurrent sentence doctrine, *Benton v. Maryland*, 395 U.S. 784, 791 (1969), to deny a request to file a § 2255 motion based

5

on *Johnson* even though the applicant had made the requisite prima facie showing under § 2255(h).[3]   Accordingly, we grant Mr. Chance's request for authorization.

As usual, nothing about our ruling here binds the district court, which must decide every aspect of the case "fresh, or in the legal vernacular, *de novo.*"  *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1358 (11th Cir. 2007).   "And when we say every aspect, we mean every aspect."  *In re Jackson*, __ F3d. __, 2016 WL 3457659, at *6 (11th Cir. June 24, 2016).   This includes the merits of Mr. Chance's motion, along with any other issues that may arise.

## II.

Although our published opinions repeatedly have emphasized that the district court is to consider Mr. Chance's § 2255 motion *de novo*, in the whirl of orders addressing *Johnson*, a recent published order from this Court discussed in dicta what districts courts purportedly "must" do in adjudicating *Johnson* claims in § 2255(h) motions.  *In re Moore*, No. 16-13993, __ F.3d __, 2016 WL 4010433, at *3-4 (11th

---

[3] In *Williams*, the concurrent term of imprisonment was a mandatory minimum sentence of life and was wholly unrelated to Mr. Williams's *Johnson*-affected sentence.   2016 WL 3460899, at *4; *see In re Davis*, Nos. 16-13779, 16-14615, __ F.3d __, 2016 WL 4070987, at *2 (11th Cir. July 13, 2016) (granting a request to file a § 2255 motion when an applicant had a concurrent sentence that "was neither mandatory nor unrelated to his [Armed Career Criminal Act] sentence" (internal quotation marks omitted)).   Here, not only were the sentences "not in fact fully concurrent," *Pinkus*, 436 U.S. at 304, but the concurrent term of imprisonment, as in *Davis*, was not dictated by a mandatory minimum.   Moreover, the sentencing court's decision on the length of imprisonment for the concurrent terms likely was informed by Counts 1 and 2.   For these additional reasons, we will not apply the concurrent sentence doctrine to deny Mr. Chance relief.  *See Davis*, slip op. at 4.

6

Cir. July 27, 2016).   Like we have here, the *Moore* panel acknowledged that "the district court is to decide the § 2255(h) issues fresh, or in the legal vernacular, *de novo.*"  *Id.* at *3 (internal quotation marks omitted and alteration adopted).   But in the very next sentence, the *Moore* panel seemed to contradict that instruction by telling the district court that it "must decide whether or not Moore was sentenced under the residual clause in 2000."[4]  *Id.*   The panel then added "one further thought," also in the form of a command about what the district court can and cannot do:   that "the district court cannot grant relief in a § 2255 proceeding unless the movant . . . proves that he was sentenced using the residual clause."  *Id.* at *4.

The *Moore* panel phrased its commentary in terms of what courts "must" and "cannot" do, but that commentary undoubtedly is dicta.   The *Moore* panel acknowledged as much with its preceding quote from *Jordan*.   *See id.* at *3.   Critically, when an inmate asks a court of appeals to certify a second or successive § 2255 motion, § 2255(h) is our sole source of authority to do or say anything in the case.   That means any discussion of topics beyond "the § 2255(h) issues" is

---

[4] Mr. Moore was arrested, tried, and sentenced in 2005, so he could not have been "sentenced under the residual clause in 2000."  We assume the panel meant 2005.  This type of error is probably among the smaller ones our Court has made in our "massive effort to decide the merits of hundreds of habeas cases within 30 days each, all over a span of just a few weeks."  *In re Clayton,* No. 16-14556, __ F.3d __, 2016 WL 3878156 (11th Cir. July 18, 2016), at *7 (Martin, J., concurring).  By pointing out an error by the *Moore* panel, we in no way mean to imply that we ourselves are not making mistakes, both large and small, in deciding these motions under the time and other constraints that are imposed upon us at the request-for-authorization stage.  *See infra* Part III.

7

irrelevant to a case and therefore dicta. *Id.*(internal quotation marks omitted); *see Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010); *see also United States v. Hunter*, 172 F.3d 1307, 1310 (11th Cir. 1999) (Carnes, J., concurring) ("The holdings of a prior decision can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision.").

Indeed, *Moore*'s discussion of what the district court must do followed its case-dispositive conclusion that Mr. Moore made a prima facie showing. That subsequent dicta does not bind either the district court, *see Jordan*, 485 F.3d at 1358, or a merits panel if an appeal is filed. As our Chief Judge recently said about another order certifying a *Johnson* motion: "[s]hould an appeal be filed from the district court's determination, nothing in this order shall bind the merits panel in the appeal. Nothing." *In re Gomez*, No. 16-14104, __ F.3d __, 2016 WL 3971720, at *4 (11th Cir. July 25, 2016) (Carnes, C.J., concurring) (internal quotation marks and citation omitted).

Not only is *Moore's* dicta just that—dicta—but it also seems quite wrong. Of course, we recognize that what we are about to say has no more legal force than the *Moore* panel's commentary (that is: none). But we also appreciate the challenging task that district courts in our circuit face in dealing with *Johnson* issues, with hundreds of inmates trying to file § 2255 claims and new published

8

certification opinions coming from our Court almost every day in the recent weeks. On top of that, *Johnson* and *Welch* together make for the "rare case in which th[e Supreme] Court announces a new rule of constitutional law and makes it retroactive within one year." *Dodd v. United States*, 545 U.S. 353, 359 (2005).   Indeed, *Welch* is the Supreme Court's first ever § 2255 case to make a new rule of constitutional law retroactive less than a year after the rule was announced.   Because this situation is so rare, there is very little authority on how to analyze the application of a "new rule" of that kind.   For that reason, we feel a need to tell the other side of the story told in *Moore*.

*Moore* suggests that the district court must make the inmate prove "whether or not [he] was sentenced under the residual clause." *Moore*, 2016 WL 4010433, at *3.   We think this is wrong, for two reasons.

First, it implies that the district judge deciding Mr. Chance's upcoming § 2255 motion can ignore decisions from the Supreme Court that were rendered since that time in favor of a foray into a stale record.   Assuming that *Johnson* does apply to § 924(c)'s "very similar" residual clause, *see Pinder*, 2016 WL 3081954, at *2, then district courts must determine "'categorically'—that is, by reference to the elements of the offense, and not the actual facts of [the defendant's] conduct"—whether that offense qualifies as a crime of violence. *United States v. McGuire*, 706 F.3d 1333,

9

1336 (11th Cir. 2013).   In other words, if only § 924(c)'s elements clause remains standing after *Johnson*, then a crime must "ha[ve] as an element the use, attempted use, or threatened use of physical force" to support a § 924(c) conviction.   18 U.S.C. 924(c)(3)(A).   In applying the categorical approach, it would make no sense for a district court to have to ignore precedent such as *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), which are the Supreme Court's binding interpretations of that approach.   And yet, the *Moore* panel suggested that the sentencing court must ignore that precedent unless the sentencing judge uttered the magic words "residual clause."

Applying the categorical approach, the Eleventh Circuit or Supreme Court may determine that conspiracy to commit Hobbs Act robbery lacks "as an element the use, attempted use, or threatened use of physical force."   18 U.S.C. § 924(c)(3)(A).   Such a determination necessarily would mean that this conspiracy conviction could *only* have counted as a crime of violence under the residual clause in the past, irrespective of what the sentencing judge said or did not say.   In other words, such a ruling would be conclusive proof that "[the defendant] was sentenced using the residual clause." *Moore*, 2016 WL 4010433, at *4.   Under the *Moore* panel's rule, however, a defendant could not benefit from that binding precedent except in the rare instances where the sentencing judge thought to make clear that

10

she relied on the residual clause. That is not right.

There is a second problem with *Moore's* command that an inmate must prove whether the district court used the words "residual clause" at his potentially decades-old sentencing. Nothing in the law requires a judge to specify which clause of § 924(c)—residual or elements clause—it relied upon in imposing a sentence. Mr. Chance's own case is a prime example of how unworkable the *Moore* panel's proposed rule is (and it is only a proposal, not precedent). Mr. Chance's superseding indictment charged him with conspiracy to use or carry a firearm during and in relation to a crime of violence, "in violation of . . . Section 924(c)(1)(A), all in violation of . . . Section 924(o)." No mention of the residual or elements clause there. And even if there were, it would not prove that the sentencing judge "sentenced [the defendant] using the residual clause." Mr. Chance's judgment of conviction simply lists the statute under which he was convicted, § 924(o), so we cannot glean helpful information there either. And, doubtlessly unaware that the sentencing transcript would later be combed for the words "elements clause" or "residual clause," the sentencing judge failed to utter those phrases.

Suppose now that another inmate received an identical § 924(c) or § 924(o) sentence as Mr. Chance on the same afternoon from the exact same sentencing

11

judge. Only this time, the sentencing judge thought to mention that she was sentencing the defendant under § 924(c)'s residual clause. Based on the rule the *Moore* panel proposed, that inmate would be eligible for § 2255 relief based solely on a chance remark (again, a sentencing court was nowhere required to choose between the elements and residual clause). Surely this "selective application of new rules violates the principle of treating similarly situated defendants the same." *Teague v. Lane*, 489 U.S. 288, 304 (1989) (internal quotation marks omitted).

In our view, it makes no difference whether the sentencing judge used the words "residual clause" or "elements clause," or some similar phrase. If *Johnson* means that an inmate's § 924(c) (or § 924(o)) companion conviction should not have served as such, then the text of § 924(c) no longer authorizes his sentence and his imprisonment is unlawful. More specifically, a conclusion that *Johnson*'s rule applied to § 924(c)'s residual clause would mean that inmate's sentence was lawful up until the day *Johnson* was decided, but no longer is. To be sure, the inmate is the one who has to make the showing that his sentence is now unlawful. But we believe the required showing is simply that § 924(c) may no longer authorize his sentence as that statute stands after *Johnson*—not proof of what the judge said or thought at a decades-old sentencing. No matter what the judge said, it is precedent from the Supreme Court and this Court that dictates which offenses meet § 924(c)'s

12

definitions. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312–13 (1994) ("It is this Court's responsibility to say what a statute means, and once the Court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law. A judicial construction of a statute is an authoritative statement of what the statute meant *before as well as after the decision of the case giving rise to that construction.*" (emphasis added)). So, if the Supreme Court has said an inmate's conviction does not meet one of the definitions that survive *Johnson*, then the inmate may have a claim that he has "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).[5]

## III.

In sum, when Mr. Chance's § 2255 motion is filed in the district court, the district court should hear from the parties and apply the law to the facts as it thinks best. The *Moore* opinion lays out one option. This one lays out another. Of

---

[5] In dicta in another recent *Johnson* case, our Court suggested that judges can ignore *Descamps* when ruling on *Johnson* motions because "[i]t would be arbitrary and inequitable to permit petitioners who now can cite *Johnson* to pursue second or successive § 2255 motions because their enhancements are only ultimately invalidated by *Descamps*, not *Johnson* at all." *See In re Hires*, No. 16-12744, 2016 WL 3342668, at *5 n.4 (11th Cir. June 15, 2016). This idea troubles us. Nothing requires courts to construe federal statutes *against* an inmate based on a concern that it would be "inequitable" to grant relief instead. The presumption of lenity goes in the other direction. Also, an inmate's sentence that was valid up until the moment *Johnson* was decided was not "only ultimately invalidated by *Descamps*," *id.*, it was invalidated by *Johnson*.

13

course, both cases were decided based on a few lines in a form filled out by an inmate, with no input from a lawyer, within 30 days of filing, and in a crush of close to two thousand similar applications. *See Clayton*, 2016 WL 3878156, at *8 (Martin, J., concurring); *In re Jones*, No. 16-14053, __ F.3d __, 2016 WL 4011143, at *1-10 (11th Cir. July 27, 2016) (Rosenbaum and Jill Pryor, JJ., concurring in result). Or perhaps there is another approach out there that neither we nor the *Moore* panel has considered. That too is up to the district court to decide "fresh, or in the legal vernacular, *de novo.*" *Jordan*, 485 F.3d at 1358. And, as always, whatever

> determination that the district court makes about whether Mr. [Chance] has satisfied the requirements for filing a second or successive motion, and any determination it makes on the merits, if it reaches the merits, is subject to review on appeal from a final judgment or order if an appeal is filed. Should an appeal be filed from the district court[']s determination, nothing in this order shall bind the merits panel in that appeal.

*In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013).

**APPLICATION GRANTED.**

14

TJOFLAT, Circuit Judge:

I concur in the granting of the application.