WILLIAMS, District Judge, Dissenting: I agree with the majority that Beeman’s Johnson claim is timely,[1] and that he unequivocally bears the burden of establishing his right to relief. I cannot agree, however, that he has failed to adequately demonstrate that he was sentenced under the residual clause of the Armed Career Criminal Act (“ACCA”), or that his claim is substantively without merit. Specifically, I do not believe that the merits of Bee-man’s timely Johnson claim can be properly assessed without reaching the question of whether his conviction for aggravated assault in Georgia qualifies as a proper predicate offense under the elements clause of the ACCA, an issue that was fully briefed and ripe for adjudication on this record. Since the Supreme Court’s decision in Johnson—or more specifically the pronouncement in Welch that Johnson would be retroactively applicable on collateral review-—courts have reviewed a torrent of habeas petitions challenging sentences that relied on the mandatory mínimums meted out pursuant to the ACCA. In each case, the same standard has been applied: First, the movant must show that he was sentenced under the now-invalidated residual clause of the ACCA. Second, the movant must show that he could not have been sentenced under any other portion of the statute, namely the elements clause and the enumerated clause. See Johnson v. United States, — U.S. —, 135 S.Ct. 2551, 2563, 192 L.Ed.2d 569 (2015) (clarifying that “[the] decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act’s definition of a violent felony.”). I agree that the burden of making this showing and demonstrating a right to relief rests squarely with the movant—here, Beeman. Upon a review of his motion and the record, however, I believe that Bee-man has met that burden. As an initial matter, the majority conflates Beeman’s argument that he could not have been sentenced under the elements clause—made in the context of establishing his Johnson claim—with the argument that he was improperly sentenced under the elements clause—which would constitute an untimely Descamps claim. Specifically, the majority observes that Beeman’s petition “focused largely on an argument that the 2013 Descamps decision meant that his Georgia conviction for aggravated assault could no longer qualify as a violent felony under the elements clause” and concludes that this “is obviously a Descamps claim.” This conclusion, however, ignores both the unambiguous statements presented in Beeman’s habeas petition and the established standards of the courts for demonstrating a defendant’s right to relief under Johnson. With regard to the former, Bee-man’s motion in the district court opened with the following statement: “Mr. Beeman challenges his sentence on one ground: In light of Johnson v. United States, the 210-month prison sentences on Counts One and Four, each imposed under [the ACCA], are unlawful.” The motion goes on to argue that “the ACCA’s residual clause, the basis for Mr. Beeman’s harsh, ACCA-enhanced sentence .... is now extinct,” and that Beeman is entitled to relief because, in light of that change in the law, he no longer has three qualifying predicate crimes under the remaining language of the ACCA. As to existing precedent on this issue, it has been established in the context of second or successive habeas petitions that “when an applicant’s ‘claim implicates Johnson,’ we must apply binding Supreme Court precedent such as Descamps, even if this precedent does not on its own establish ‘an independent claim that is itself subject to the gatekeeping requirements [of 28 U.S.C. § 2255(h) ]’ ... in determining whether a prior conviction would still support an enhanced ACCA sentence.” In re Rogers, 825 F.3d 1335, 1339 (11th Cir. 2016); see also In re Adams, 825 F.3d 1283, 1286 (11th Cir. 2016) (distinguishing cases where “petitioners were forced to rely on Descamps as a standalone claim” from cases where Johnson is implicated because “the sentencing court may have relied on the residual clause,” and finding in the latter situation that “the ambiguity surrounding the sentencing court’s decision requires us to look to the text of the relevant statutes, [and] ... guiding precedent, such as Descamps, to ensure we apply the correct meaning of the ACCA’s words.”). Similarly, establishing that a predicate offense could not qualify under the elements clause by applying the Des-camps framework has been part and parcel of many district court determinations that a movant is entitled to relief under Johnson. See, e.g., Wojcieszak v. United States, 196 F.Supp.3d 1319 (S.D. Fla. 2016); Cochran v. United States, No. 16-22506-CIV, 2017 WL 3084582 (S.D. Fla. June 16, 2017), report and recommendation adopted, No. 16-22506-CIV, 2017 WL 3085336 (S.D. Fla. July 19, 2017); Givens v. United States, No. 4:16-CV-1143 CAS, 2016 WL 7242162 (E.D. Mo. Dec. 15, 2016), appeal dismissed, No. 17-1199, 2017 WL 3273416 (8th Cir. Feb. 8, 2017); Nichols v. United States, No. 1:04-CR-68-TRM-CHS-1, 2016 WL 5921780 (E.D. Tenn. Oct. 11, 2016); United States v. Wilson, No. CR 96-0157, 2017 WL 1383644 (D.D.C. Apr. 18, 2017); Shabazz v. United States, No. 3:16-CV-1083 (SRU), 2017 WL 27394 (D. Conn. Jan. 3, 2017); Memoli v. United States, No. 04CR140 (JSR), 2017 WL 3559190 (S.D.N.Y. July 11, 2017), report and recommendation adopted in part, No. 16-CV-4097 (JSR), 2017 WL 3504918 (S.D.N.Y. Aug. 15, 2017). Though presented as a distinct “timeliness” holding, the majority’s misapprehension of Beeman’s Descamps arguments directly impacts the Court’s analysis on the merits of his Johnson claim. As set out above, in order to prevail on a Johnson claim, a movant must first establish that he was sentenced under the residual clause, and then must show that his predicate crimes could not qualify under any other portion of the ACCA. But precluding discussion of Descamps in support of a Johnson motion contrives an issue with regard to both of these required showings. As to the first prong, it forecloses an avenue of evidentiary support that, in many instances, could conclusively demonstrate a sentencing court’s reliance on the now-defunct residual clause. As to the second, it creates a standard under which the mov-ant must establish that his predicate crimes could not qualify under any remaining clause of the ACCA, without allowing him to argue that his predicate crimes do not qualify under the elements clause based on binding Supreme Court precedent.[2] The case at hand is illustrative of this ‘conflict, particularly with regard to the first prong of Johnson. By artificially delineating what constitutes a Johnson argument—and by disposing of Beeman’s petition without reaching the second required showing for success on a Johnson claim— the majority elides all of Beeman’s elements-clause arguments from their Johnson analysis, leaving Beeman with “insufficient” assertions regarding the sentencing court’s reliance on the residual clause, which the majority peremptorily rejects. In so doing, the majority has set up a straw man regarding Beeman’s Johnson arguments that they then proceed to knock down. The majority opinion’s discussion of the merits of Beeman’s Johnson claim starts off on the right track. It accurately explains that, in order to obtain relief, Bee-man must show that “(1) [ ] the sentencing court relied solely on the residual clause” and “(2) [ ] there were not at least three other prior convictions that could have qualified under [the elements or the enumerated] clauses as a violent felony, or as a serious drug offense.” It goes on to discuss the appropriate burden of proof, and states that a movant must first demonstrate that it is “more likely than not” that he was sentenced under the residual clause in order to obtain relief under Johnson. Our paths diverge, however, on the question of how that standard may be met. When approaching this question, I do not write on a blank slate. Previous decisions of this Court have posited a “clear/unclear” test that has been consistently applied when answering this precise question in the Johnson context on applications for leave to file a second or successive habeas petition. Under that test, Johnson is “implicated” when the sentencing court did not specify the statutory basis for the qualifying predicates and there is no precedent establishing that the predicates would qualify under one of the remaining ACCA clauses. In re Rogers, 825 F.3d 1335, 1339 (11th Cir. 2016) (citing, among others, In re Adams, 825 F.3d at 1284). In such circumstances, “courts must apply Descamps and other binding Supreme Court precedent in determining whether a prior conviction would still support an enhanced ACCA sentence.” Id. There is no logically sound justification— and none is offered by the majority—for discarding the clear/unclear paradigm and approaching a Johnson claim differently in the context of an initial habeas petition.[3] Indeed, many district courts across the country have adopted this approach in evaluating Johnson claims on initial habe-as petitions with an unclear sentencing record. See, e.g., United States v. Booker, 240 F.Supp.3d 164, 167-68 (D.D.C. Mar. 2, 2017) (noting that “[f]irst, judges are not required by law to state at sentencing whether they are' relying on the residual clause or the elements clause.... [and] [sjecond, there was no practical reason for judges to make this distinction at sentencing prior to June 26, 2015, when the Supreme Court decided that the residual clause was void for vagueness.”); Burgess v. United States, No. CR493-205, 2017 WL 1943988, at *3 n.9 (S.D. Ga. Apr. 27, 2017), report and recommendation adopted, No. CR493-205, 2017 WL 2834492 (S.D. Ga. June 29, 2017) (“Movant’s burden is only to show that—absent a clear record—the sentencing judge may have used the residual clause.”); United States v. James, No. 06-20172-JWL, 2016 WL 3936495 (D. Kan. July 21, 2016); United States v. Hamilton, 235 F.Supp.3d 1229 (N.D. Okla. 2017); Williams v. United States, No. 4:16CV00993 ERW, 2017 WL 895910 (E.D. Mo. Mar. 7, 2017); Thrower v. United States, 234 F.Supp.3d 372 (E.D.N.Y. 2017); United States v. Wolf, No. 1:04-CR-347-1, 2016 WL 6433151 (M.D. Pa. Oct. 31, 2016); United States v. Ballard, No. CR 03-810, 2017 WL 2935725 (E.D. Pa. July 10, 2017); Givens v. United States, No. 4:16-CV-1143 CAS, 2016 WL 7242162 (E.D. Mo. Dec. 15, 2016), appeal dismissed, No. 17-1199, 2017 WL 3273416 (8th Cir. Feb. 8, 2017). Even absent these decisions, however, it is clear that any alternative to this test—in other words, any standard under which an unclear sentencing record precludes relief under Johnson—would lead to unwarranted and inequitable results. In his briefs, and- again at oral argument, Beeman offered the example from In Re: Chance, 831 F.3d 1335 (11th Cir. 2016), involving two defendants, sentenced on the same day, for the same offense, by the same judge, with the same ACCA predicates. Under the majority’s rationale, one of the defendants could bring a Johnson claim because the judge specified that he was sentenced under the residual clause, but the other defendant could not, because the judge used no such language and made no specific reference to any ACCA sub-clause. Adopting the approach of the majority and permitting this scenario to play out in our courts not only would be unfair, but also would nullify the retroactive effect of a change in the law pronounced by the Supreme Court.[4]1 can see no basis for predicating a defendant’s right to relief on the precision of the verbiage employed by a judge, an attorney, or even a defendant himself at the time of sentencing, when the highest court has announced that “[t]he residual clause is invalid under Johnson, so it can no longer mandate or authorize any sentence.” Welch v. United States, — U.S. —, 136 S.Ct. 1257, 1265, 194 L.Ed.2d 387 (2016).[5] As such, it should “make[] no difference whether the sentencing judge used the words ‘residual clause’ or ‘elements clause,’ or some similar phrase”; courts should not “penalize a movant for a [sentencing] court’s discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony.” United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017) (citing with approval In re Chance, 831 F.3d 1335); see also United States v. Geozos, 870 F.3d 890, 894-95, 2017 WL 3712155 (9th Cir. 2017) (citing with approval In re Chance, 831 F.3d 1335). “If Johnson means that an inmate’s [] companion conviction should not have served as [a predicate offense under the statute] ... then the text of [the statute] no longer authorizes his sentence and his imprisonment is unlawful.” In re Chance, 831 F.3d at 1341; see also Geozos, 870 F.3d at 895, 2017 WL 3712155 at *4 (“[W]hen it is unclear from the record whether the sentencing court relied on the residual clause, it necessarily is unclear whether the court relied on a constitutionally valid or a constitutionally invalid legal theory.”). To be sure, the inquiry does not end there. When the sentencing record is inconclusive, a movant must still bear the burden of showing—either through direct or circumstantial evidence—that he was, in fact, sentenced under the residual clause.[6] Indeed, Beeman has attempted to do just that by demonstrating that he could not possibly have been sentenced under any other clause of the ACCA. The majority does not reach the question of whether this type of circumstantial evidence of reliance on the residual clause should be permitted because, as noted above, they improperly categorize these arguments as an “untimely Descamps claim” and exclude them from the discussion of Beeman’s Johnson claims.[7] The majority characterizes this framework as implicating some order of “burden shifting” that would break from longstanding precedent regarding a movant’s obligation to establish his entitlement to constitutional relief and allow unmeritorious claims to succeed. This is not the case. Under the clear/unclear rubric, an unclear record does not entitle a movant to relief. Instead, it permits a defendant to bring a Johnson claim and to adduce evidence that establishes, conclusively, that he was sentenced under the residual clause. Far from opening the jailhouse doors based on ambiguities in the record, this analysis simply gives potentially eligible defendants the opportunity to prove that they are entitled to relief where, as here, the sentencing documents and record transcripts are silent. Though it is true that the courts may have to address some unmeritorious petitions because of this rule, this cannot, be the basis for precluding access to the courts and “permitting the criminal process to rest at a point where it ought properly never to repose.” Mackey v. United States, 401 U.S. 667, 693, 91 S.Ct. 1160, 28 L.Ed.2d 404 (opinion of Harlan, J.). In a case like this, where a movant attempts to satisfy the first prong of the Johnson inquiry through circumstantial evidence by demonstrating that he could not have been properly sentenced under any other portion of the statute, the first and second prongs for success on the merits coalesce into a single inquiry. The fact that a single showing satisfies both requirements for Johnson relief, however, in no way diminishes the evidentiary burden of a movant or otherwise shifts that burden to the Government. Again, Beeman must prove that it was more likely than not that he was sentenced under the residual clause in order to succeed on his Johnson claim. I believe that Beeman has done so by demonstrating that he could not have been sentenced under any other clause of the ACCA. Because it is uneon-tested that Beeman does not qualify under the enumerated clause, and because there are only two other ways to qualify as a career offender under the ACCA, disproving one is necessarily proof of the other. See In Re Chance, 831 F.3d at 1340. Bee-man’s showing that he could not have been convicted under the elements clause of the ACCA[8] is therefore proof of both requirements for success on the merits of a Johnson claim: first, that he was sentenced under the residual clause, and second, that his predicate offenses could not qualify under the ACCA absent that provision. I can ascertain no basis upon which to exclude this type of circumstantial evidence in evaluating a movant’s habeas petition, and, as noted above, believe that doing so would create an unjustifiable procedural bar based solely on the manner in which a movant’s sentence was pronounced. I do not take issue with the importance of finality of judgments in our legal system or the importance of efficiency in the apportionment of judicial resources wherever possible. But the vindication of constitutional rights must be of paramount importance in any decisions that impact access to the courts. In deciding to make Johnson retroactively applicable, the Supreme Court considered these conflicting interests, and concluded that “where the conviction or sentence in fact is not authorized by substantive law, then finality interests are at their weakest.” Welch, 136 S.Ct. at 1266. Accordingly, while I understand the majority’s desire to identify a bright-line rule through which unmeritorious Johnson claims can be culled without engaging in a predicate-by-predicate determination of what crimes still qualify under the ACCA, I cannot agree to a standard that excludes petitioners because the process of evaluation is particularly laborious. I fear that the practical effect of today’s opinion is that many criminal defendants like Bee-man who were, in fact, sentenced under a constitutionally infirm statute will be denied their right to seek the relief to which they may very well be entitled by the holdings of the Supreme Court. For that reason, I respectfully dissent. . I also agree with the majority's implicit rejection of the Government's arguments regarding procedural default or untimeliness under AEDPA, which would result in eligible defendants ''remain[ing] imprisoned solely because [they] did not raise an argument on appeal that was foreclosed by Supreme Court precedent at the time—and would have been deemed frivolous.” Duhart v. United States, No. 16-cv-61499- MARRA, 2016 WL 4720424, at *3 (S.D. Fla. Sept. 9, 2016); see also West v. United States, No. 16-cv-22459-KMW (S.D. Fla. Mar. 22, 2017); Vasquez v. United States, No. 16-cv-14247-JEM (S.D. Fla. Dec. 6, 2016), report and recommendation adopted, No. 16-cv-14247-JEM (S.D. Fla. Feb. 14, 2017). . As the majority correctly points out, Des-camps did not articulate a new rule of constitutional law, but rather "merely clarified existing precedent.” Mays v. United States, 817 F.3d 728, 734 (11th Cir. 2016). If that is the case, not only is Beeman permitted to rely on Descamps in arguing that he is entitled to Johnson relief, but he is, in fact, required to do so. . As applied in the "galekeeping” context of a second or successive habeas petition, the purpose of the clear/unclear test is to permit a petitioner to prove a constitutional right to relief in a circumstance where "it necessarily is unclear whether the court relied on a constitutionally valid or a constitutionally invalid legal theory.” United States v. Geozos, 870 F.3d 890, 895, 2017 WL 3712155, at *4 (9th Cir. 2017). That same inquiry is precisely the question that must be answered when ruling on the merits of a Johnson claim, given that a petitioner is only entitled to relief under that decision if he is able to prove that he was sentenced under a constitutionally infirm provision of the ACCA. As such, the previous reasoning of this Court in cases such as In re Chance, In re Rogers, In re Adams, and many others—as well as the decisions of the other courts cited infra—is both instructive and highly persuasive in deciding the issue before us. . See also United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017) (acknowledging that such an approach “would result in ‘selective application' of the new rule of constitutional law announced in Johnson [], violating ‘the principle of treating similarly situated defendants the same.' ”) (internal citations omitted). . As this Court has recently observed, “[i]t is a safe operating assumption that when the Supreme Court articulates a standard, it actually means the words it has used to set out that standard....” United States v. Eddy Wilmer Vail-Bailon, 868 F.3d 1293, 1301 (11th Cir. 2017). In the case of Johnson, the plain language of the decision makes clear that relief under the holding is not predicated upon a specific finding at sentencing, but rather the absence of a constitutional basis for the sentence imposed. Welch, 136 S.Ct. at 1265 (“Johnson establishes, in other words, that 'even the use of impeccable factfinding procedures could not legitimate' a sentence based on that clause.”). .I do not agree that "[a] Johnson movant has met his burden to show that he has a right to § 2255 relief ... unless the record affirmatively shows that the district court relied upon the ACCA's elements clause.” App. Br. at 22. Instead, I simply take the view that an "unclear” sentencing record is neither a bar to, nor sufficient for, success on the merits of a Johnson claim. . They do, however, clarify that either direct or circumstantial evidence could be used for this purpose. See Maj. Op. n.4. . Since the majority finds that Beeman has not adequately established that he was sentenced under the residual clause, they do not address the question of whether his predicate offense of aggravated assault in Georgia could qualify him for an ACCA sentence under the language of the elements clause. As noted at the outset, this question was fully briefed by both Parties, who agree that the modified categorical approach is the proper standard here. Applying that standard to the Georgia statute, Beeman’s aggravated assault predicate likely would not qualify as a crime of violence under the elements clause.