[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16045
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-61493-WPD; 0:13-cr-60267-WPD-1

JEAN CAZY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 7, 2017)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jean Cazy, a federal prisoner proceeding pro se, appeals the denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence.

I.

On April 29, 2014, Cazy was sentenced to a 248-month term of imprisonment. He was sentenced after a jury convicted him of (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; (2) conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846; (3) attempt to possess more than 500 grams, but less than 5 kilograms, of cocaine, in violation of 21 U.S.C. § 846; (4) conspiracy to use, carry, or possess a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(o); (5) using, carrying, or possessing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and (6) using, carrying, or possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). In addition to the term of imprisonment, Cazy was ordered to pay a special assessment of $100 for each of his six convictions, for a total assessment of $600. On December 15, 2015, his sentence was reduced to 211-months imprisonment, but the monetary penalty remained intact.

On June 27, 2016, Cazy filed his § 2255 motion, arguing generally that his conviction was the result of government entrapment and prosecutorial misconduct.

2

Among his other claims, Claim 6[1] of his motion asserted that his conviction for using, carrying, or possessing a firearm during a crime of violence was no longer valid because, after Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), conspiracy to commit Hobbs Act robbery no longer qualified as a predicate crime for a conviction under 18 U.S.C. § 924(c).

On August 31, 2016, the district court denied Cazy's motion.  With respect to Claim 6, the district court found that Cazy would not benefit from any extension of the ruling in Johnson because of the concurrent sentence doctrine.  However, out of an "abundance of caution," the district court waived the $100 special assessment for that conviction, thereby reducing Cazy's overall assessment to $500.

On March 30, 2017 this Court granted Cazy a COA for the following issues: "Whether the district court erred by (1) resentencing Cazy to reduce his special assessment by $100; and (2) denying Claim 6 on the ground that, under the concurrent sentence doctrine, Cazy would not benefit from any extension of the ruling in Johnson."

---

[1] In Cazy's motion, the substance of this claim appeared within the claims labeled nine through eleven.  However, because subsequent court orders referred to this claim as "Claim 6," we will as well.

II.

We review de novo the district court's legal conclusions related to the denial

of a § 2255 motion. Mamone v. United States, 559 F.3d 1209, 1210 (11th Cir.

2009) (per curiam).

III.

Under 18 U.S.C. § 3013, "[t]he court shall assess on any person convicted

. . . of a felony . . . $100 if the defendant is an individual." 18 U.S.C.

§ 3013(a)(2)(A). This provision is mandatory on the sentencing court. See

Rutledge v. United States, 517 U.S. 292, 301, 116 S. Ct. 1241, 1247 (1996) ("We

begin by noting that 18 U.S.C. § 3013 requires a federal district court to impose a

[] special assessment for every conviction.").

A district court's authority to modify a sentence is constrained by statute.

See United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Once a

sentence has been imposed, a district court may modify the sentence only when:

(1) the defendant offers substantial assistance to law enforcement pursuant to

Federal Rule of Criminal Procedure 35, (2) an amendment to the United States

Sentencing Guidelines lowers the applicable guidelines range, or (3) the Director

of the Bureau of Prisons files a motion under certain circumstances. 18 U.S.C.

§ 3582(c). Even in these circumstances, however, a district court generally may

not waive a mandatory monetary penalty. See United States v. Puentes, 803 F.3d

4

597, 606 (11th Cir. 2015) (holding that the district court lacked authority to eliminate mandatory restitution under the Mandatory Victims Restitution Act because that statute's mandatory language trumped the district court's authority under Rule 35(b)(4)).

None of the conditions of 18 U.S.C. § 3582(c) were met here, so the district court lacked authority to reduce Cazy's sentence. See Phillips, 597 F.3d at 1195. Even if the district court had the authority to modify Cazy's sentence, that authority would not have extended to an ability to waive a mandatory monetary penalty. See Puentes, 803 F.3d at 606. Therefore the district court erred by waiving the $100 special assessment.

## IV.

The concurrent sentence doctrine provides that the existence of one valid conviction may render unnecessary the review of other convictions when concurrent sentences have been imposed, unless the defendant would suffer "adverse collateral consequences" as a result of the unreviewed conviction. United States v. Bradley, 644 F.3d 1213, 1293 (11th Cir. 2011) (quotation omitted). The Supreme Court has ruled that the concurrent sentence doctrine does not apply where a defendant was assessed cumulative money assessments for each count of conviction. Rutledge, 517 U.S. at 301, 116 S. Ct. at 1247 ("As long as § 3013 stands, a second conviction will amount to a second punishment."); see also Pinkus

v. United States, 436 U.S. 293, 304–05, 98 S. Ct. 1808, 1815 (1978) (holding that sentences are "not in fact fully concurrent" when a defendant "had at least a pecuniary interest in securing review of his conviction on each of the counts"). Even without the required special assessment, "[t]he separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored." Rutledge, 517 U.S. at 302, 116 S. Ct. at 1248 (quotation omitted). For example, the presence of an additional conviction on a prisoner's record, regardless of its impact on the total sentence, may "result in an increased sentence under a recidivist statute for a future offense," may "be used to impeach the defendant's credibility[,] and certainly carries the societal stigma accompanying any criminal conviction." Id.

This Court has applied the concurrent sentence doctrine where a defendant "has [not] made any showing of adverse collateral consequences." In re Williams, 826 F.3d 1351, 1357 (11th Cir. 2016) (per curiam). But there will always be adverse collateral consequences when there is a monetary penalty attached to each conviction. See In re Chance, 831 F.3d 1335, 1338 (11th Cir. 2016) (distinguishing In re Williams from cases that involve monetary penalties).

Because Cazy's $100 special assessment must stand, the concurrent sentence doctrine is inapplicable. See Rutledge, 517 U.S. at 301, 116 S. Ct. at 1247; In re Chance, 831 F.3d at 1338.

For these reasons we (1) vacate the district court's removal of Cazy's $100 special assessment and denial of Cazy's § 2255 motion as to Claim 6; and (2) remand for treatment consistent with this order.

**VACATED AND REMANDED.**