[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10686
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-22491-RNS,
1:98-cr-00401-SH-1

ANTOINE DIXSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 13, 2018)

Before MARCUS, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Antoine Dixson appeals the denial of his successive 28 U.S.C. § 2255

motion to correct his sentence.  Dixson argues that the district court erred by

denying his § 2255 motion because Florida attempted first degree murder no longer qualifies as a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  The government responds that the district court should not have even reached the merits of Dixson's claim because he failed to make a threshold showing that he was actually sentenced under the ACCA residual clause.

I.

On December 13, 1999, a jury convicted Dixson of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Dixson was sentenced to 260-months imprisonment.  This sentence included an enhancement based on the district court's determination that Dixson qualified as an armed career criminal.  ACCA provides for a longer sentence if a defendant violates § 922(g) and has three or more prior convictions for a "violent felony" or a "serious drug offense."  18 U.S.C. § 924(e)(1).  A "violent felony" is defined as any crime punishable by a term of imprisonment exceeding one year that:

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B).  The first part of this definition is known as the "elements clause."  See Mays v. United States, 817 F.3d 728, 730–31 (11th Cir.

2

2016) (per curiam).  The second part of this definition contains both the "enumerated clause" and the "residual clause."  Id.

In Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague.  Id. at 2563.  This rule was made retroactive in Welch v. United States, 578 U.S. ___, 136 S. Ct. 1257, 1268 (2016).   In 2016, Dixson filed an application seeking authorization from this Court to file a second or successive § 2255 motion.  He argued the Supreme Court's recent decision in Johnson meant he no longer qualified for an ACCA-enhanced sentence.  A panel of this Court found six prior convictions had been presented to Dixson's sentencing court: (1) Florida attempted first degree murder and unlawful possession of a firearm while engaged in a criminal offense; (2) Florida aggravated battery; (3) Florida second degree grand theft and delivery of cocaine; (4) Georgia carrying of a concealed weapon; (5) Georgia obstructing police and simple battery; (6) Florida attempted sexual battery and battery on a law enforcement officer.  The panel determined that binding precedent meant that Dixson's convictions for delivery of cocaine and aggravated battery qualified as ACCA precedents.  But the panel noted, "It is not clear, however, which of Dixson's remaining convictions would qualify as ACCA predicate offenses and, if so, why."  The panel granted Dixson's application.

3

On June 24, 2016, Dixson filed the successive § 2255 motion that is the subject of this appeal. Dixson said his ACCA sentence was based on three predicate convictions: (1) Florida aggravated battery, (2) Georgia simply battery, and (3) Florida delivery of cocaine. He argued that both Florida aggravated battery and Georgia simple battery did not qualify as violent felonies under ACCA's elements clause. And in light of Johnson's invalidation of the residual clause, he said he no longer qualified for an ACCA-enhanced sentence.

In response, the government said a number of Dixson's other prior convictions had been presented to the court at his initial sentencing. The government focused on Dixson's prior convictions for (1) Florida attempted first degree murder, (2) Florida aggravated battery, and (3) Florida delivery of cocaine. The government argued that all three convictions qualified as ACCA predicates post-Johnson. In reply, Dixson argued that Florida attempted first degree murder also did not qualify as an ACCA predicate offense.

A magistrate judge issued a Report and Recommendation ("R&R") recommending that Dixson's motion to correct be granted. The magistrate judge determined that controlling circuit precedent meant Dixson's Florida delivery of cocaine and Florida aggravated battery convictions still qualified as ACCA predicates after Johnson. However, the magistrate judge determined that Florida attempted first degree murder no longer qualified as an ACCA predicate

4

conviction. Because this meant Dixson no longer qualified for an ACCA-enhanced sentence, the magistrate judge recommended that his motion be granted.

The district court rejected the R&R however and denied Dixson's motion. In doing so, the district court held that Florida attempted first degree murder qualified as a violent felony under ACCA's elements clause. This appeal followed.

After the briefing was completed for this appeal, a panel of this Court decided Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017). The government filed a notice of supplemental authority arguing that Beeman required the dismissal of the appeal because Dixson had not shown it was more likely than not he had been sentenced under the residual clause.

## II.

In a proceeding on a motion to vacate, set aside, or correct sentence, we review the district court's factual findings for clear error and legal issues de novo. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).

In Beeman, a panel of this Court held that to prove a claim based on Johnson, a movant must show it is more likely than not that he was sentenced "solely on the residual clause." Beeman, 871 F.3d 1221–22. This inquiry is one of "historical fact," looking to the basis for the sentence at the time of sentencing, rather than how a defendant would be sentenced today. Id. at 1224 n.5. Before

Beeman, the showing required by movants to present a Johnson claim was disputed. Compare In re Moore, 830 F.3d 1268, 1273 (11th Cir. 2016) (per curiam), with In re Chance, 831 F.3d 1335, 1339 (11th Cir. 2016). Indeed, the district court noted split authority on the subject before deciding Dixson had made a sufficient showing merely by demonstrating that it was unclear whether his sentencing court had relied on the residual clause.

The status of a Florida conviction for attempted first degree murder as an ACCA predicate conviction is still an open question in this circuit. But according to Beeman, before we can perform that analysis, Dixson must show that his sentence was more likely than not based on the residual clause. Beeman, 871 F.3d at 1221–22. Because Beeman was decided after the district court ruled on Dixson's petition, the record is not fully developed on this point. And contrary to the government's assertion, Beeman does not require dismissal just because a sentencing transcript is silent as to whether the residual clause was the basis for an ACCA enhancement. For example, the district court could also consider how Florida attempted first degree murder or similar statutes were viewed by courts at the time of Dixson's sentencing. See id. at 1224 n.5.

Because the parties had no occasion to address this requirement established by Beeman, a remand is appropriate. See Schumann v. Collier Anesthesia, P.A., 803 F.3d 1199, 1203 (11th Cir. 2015) (remanding after this Court adopted a new

6

legal test "[t]o allow the district court to apply this test in the first instance and, if the district court desires, to give the parties an opportunity to further develop the record to address the components of the test").  On remand, the district court should consider in the first instance whether Dixson can show, as a historical fact, it was more likely than not he was sentenced under the residual clause.  Beeman, 871 F.3d  1221–22.  This inquiry can include, among other things, a review of the record at Dixson's sentencing, a consideration of how courts viewed the statutes under which Dixson had previously been convicted, as well as other similar statutes at the time he received his ACCA sentence.

**VACATED AND REMANDED.**