[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14126
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-02103-ODE-1,
1:92-cr-00174-ODE-WLH-1

RONALD BERNARD DANIEL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 20, 2018)

Before MARCUS, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ronald Bernard Daniel, a federal prisoner, appeals the denial of his second

motion to vacate his sentence, which he obtained our permission to file. 28 U.S.C.

§ 2255(a), (h). After expiration of the one-year statute of limitation, *id.* § 2255(f)(1), Daniel moved for relief on the ground that his two prior convictions in Georgia for armed robbery did not qualify as predicate offenses to enhance his sentence under the Armed Career Criminal Act in the wake of *Descamps v. United States*, 570 U.S. 254 (2013), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). We granted Daniel a certificate of appealability to address "[w]hether the Georgia armed robbery statute categorically . . . qualifies as a violent felony under [the elements clause of the Act,] 18 U.S.C. § 924(e)(2)(B)(i)." While the appeal was pending, we issued *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), and the parties have addressed that decision in their response and reply briefs. Based on *Beeman*, we affirm the denial of Daniel's second motion to vacate.

Daniel challenged his sentence of 327 months of imprisonment for possessing an unlawful firearm, 26 U.S.C. § 5861(d), and for possessing a firearm as a felon, 18 U.S.C. §§ 922(g), 924(e). Daniel's presentence investigation report classified him as an armed career criminal based on his prior convictions in Georgia in 1977 for burglary and in 1978 for two counts of armed robbery. Daniel objected to the use of his burglary conviction, but the district court overruled the objection. *See id.* § 924(e). The district court calculated Daniel's advisory guideline range as 262 to 327 months, and sentenced him at the high end of that range for being a felon in possession of a firearm and to a concurrent term of 120

2

months for his possession of an unlawful firearm, followed by five years of supervised release. We affirmed Daniel's convictions and sentence, *United States v. Daniel*, 9 F.3d 1559 (11th Cir. 1993) (unpublished table decision), and the district court later denied a motion that Daniel filed seeking to vacate his sentence, 28 U.S.C. § 2255.

After he obtained our permission to do so, Daniel filed a second motion to vacate and challenged the use of his prior convictions for armed robbery, Ga. Code Ann. § 26-1902, as predicate offenses under the Act. *See* 28 U.S.C. § 2255. Daniel acknowledged that the district court failed to identify which clause of the Act it used to classify his prior convictions as violent felonies, but he argued that the convictions qualified only under the residual clause, which had been invalidated in *Johnson*, 135 S. Ct. at 2557–58. Daniel also argued that his prior convictions did not qualify under the elements clause because the armed robbery statute did not require the use of "violent force," *Curtis Johnson v. United States*, 559 U.S. 133, 140 (2010). *See Descamps v. United States*, 570 U.S. 254 (2013). The government responded that Daniel's motion was untimely, he failed to prove that he had been sentenced under the residual clause, and his prior convictions qualified as predicate offenses under the enumerated crimes and elements clauses of the Act.

The district court denied Daniel's second motion to vacate on the ground that his prior convictions were categorically violent felonies under the elements

3

clause of the Act. The district court did not address the timeliness of Daniel's motion or whether he proved that he was sentenced under the residual clause.

"When we review the denial of a motion to vacate a sentence, we review legal conclusions *de novo* and findings of fact for clear error." *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (internal citations and quotation marks omitted). "We may affirm on any ground supported by the record." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (quoting *LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir.2014)). When a certificate of appealability fails to mention procedural claims that must be resolved for the panel to reach the merits, we assume that the certificate encompasses any procedural claims that must be addressed on appeal. *McCoy v. United States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).

The Armed Career Criminal Act increases prison sentences for defendants who have three prior convictions for violent felonies or serious drug offenses. The Act defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first part of the definition is referred to as the elements clause, while the second part contains what are referred to as the enumerated crimes and residual clauses. *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

We address separately claims for relief that are based on *Johnson* and *Descamps* because they "make two very different assertions." *Beeman*, 871 F.3d at 1220. "A *Johnson* claim contends that the defendant was sentenced as an armed career criminal under the residual clause," *Beeman*, 871 F.3d at 1220, and the resulting enhancement of his sentence "denies due process of law" because the clause is void for vagueness, *Johnson*, 135 S. Ct. at 2557–58. "[A] *Descamps* claim asserts that the defendant was incorrectly sentenced as an armed career criminal under the elements or enumerated offenses clause," *Beeman*, 871 F.3d at 1220, because the elements of the indivisible statute under which the defendant was convicted punishes a broader range of conduct than the federal generic crime, *Descamps*, 570 U.S. at 257.

In *Beeman*, which we decided after the district court denied Daniel's second motion to vacate, we held that a claim based on *Descamps* does not trigger the one-year period of limitation, 28 U.S.C. § 2255(f), but that a claim based on *Johnson* does trigger the limitations period and is timely if brought within one year of the issuance of the opinion. 871 F.3d at 1219–20. To obtain relief based on *Johnson*,

5

the postconviction movant must prove that his sentence "enhancement was due to use of the residual clause." *Id.* at 1222. "In other words, he must show that the clause actually adversely affected the sentence he received." *Id.* at 1221. The movant must prove that "(1) [] the sentencing court relied solely on the residual clause to qualify a prior conviction as a violent felony, as opposed to also or solely relying on either the enumerated offenses clause or elements clause, and (2) [] there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense." *Id.* If the record is unclear, and "it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222.

The district court did not err by denying Daniel's second motion to vacate. Daniel's challenge to his prior convictions for armed robbery serving as predicate offenses under the elements clause, which is a *Descamps* claim, was untimely. *See id.* at 1219–20. Daniel's challenge based on the residual clause, which is a *Johnson* claim, was timely because he filed his postconviction motion six days before expiration of the extended one-year limitation period to bring such a claim. *See id.* at 1219. But Daniel's *Johnson* claim fails on the merits.

Daniel failed to prove "that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Id.* at 1222. Daniel does not argue that the sentencing court relied on the residual clause; rather, he contends that his prior convictions for armed robbery do not qualify as violent felonies under the elements clause. Daniel's presentence investigation report used his armed robbery convictions to classify him as an armed career criminal, but the report did not state how the convictions qualified as predicate offenses. And, as Daniel acknowledged in his postconviction motion, the sentencing court did not explain why his armed robbery convictions qualified as violent felonies. Nothing in the record supports Daniel's argument that the district court relied on the residual clause to enhance his sentence under the Act. Because "the evidence does not clearly explain what happened . . . [Daniel,] the party with the burden[,] loses." *Id.* at 1225 (quoting *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001)).

Daniel argues that the government is "rais[ing] . . . for the first time the defense that . . . [he] failed to meet his burden of proof on his *Johnson* claim," but the record shows otherwise. The government opposed Daniel's second postconviction motion and argued that "[t]he Eleventh Circuit has made clear that Defendant bears the burden of demonstrating . . . that, on the merits of [his] claim, he succeeds," that "includes a requirement that Defendant show that he was

7

sentenced using the residual clause," and Daniel "cannot prove that the residual clause played any part in the determination that he was an armed career criminal" when his "attack[ is] based . . . on the enumerated and elements clauses . . . ." And the government cited *In re Chance*, 831 F.3d 1335 (11th Cir. 2016), and quoted a paragraph from *In re Moore*, 830 F.3d 1268 (11th Cir. 2016), requiring the defendant to prove "that the use of [the residual] clause made a difference in the sentence" and cautioning that he "fail[s] his burden of showing all that is necessary to warrant § 2255 relief" when "the district court cannot determine . . . one way or another . . . whether the residual clause was used in sentencing and affected the final sentence," *id.* at 1273. The government argued to the district court that Daniel failed to prove his *Johnson* claim.

We **AFFIRM** the denial of Daniel's second motion to vacate.

8