# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11384

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LAWRENCE JAMES TAYLOR,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before CLEMENT, PRADO, and HAYNES, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

We are tasked with deciding whether Lawrence James Taylor's claim that his sentence enhancement is no longer valid under the Armed Career Criminal Act ("ACCA") is constitutionally or statutorily based in light of the district court's conclusion that the now constitutionally defunct residual clause "played no role" at his sentencing. We hold that Taylor's claim is constitutionally based and warrants relief under 28 U.S.C. § 2255.

## FACTS AND PROCEEDINGS

In 2006, Lawrence James Taylor pleaded guilty to possession of a firearm by a convicted felon—which usually carries a maximum sentence of 10 years' imprisonment. *See* 18 U.S.C. § 924(a)(2). The presentence report ("PSR")

No. 16-11384

recommended an enhanced sentence under the ACCA because Taylor had two "violent felony"[1] convictions for burglary of a building and one "crime of violence"[2] conviction for injury to a child. *See* 18 U.S.C. § 924(e)(2)(B). In accordance with the ACCA enhancement, the PSR calculated a guideline range of 235 to 293 months' imprisonment.

Taylor objected to several aspects of the PSR. He did not object or claim, however, that his Texas conviction for injury to a child was excluded as an ACCA predicate. At his sentencing, Taylor conceded his injury-to-a-child conviction was a "crime of violence." The district court adopted the findings and conclusions of the PSR and imposed a prison term of 260 months. Taylor appealed his sentence, but did not contend that the district court erred when it determined his injury-to-a-child conviction was an ACCA predicate. This court affirmed. *See United States v. Taylor*, 263 F. App'x 402, 407 (5th Cir. 2008).

Taylor subsequently filed two motions under § 2255 to vacate his sentence. The district court denied relief as to both motions, and this court affirmed.

---

[1] Under the ACCA, a "violent felony" means "any crime punishable by imprisonment for a term exceeding one year" that

       (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

       (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B). The first clause is known as the "elements clause." The beginning of (ii) is the "enumerated offenses clause," and the italicized portion of the text has become known as the "residual clause."

[2] "Crime of violence" was mistakenly used to refer to the injury-to-a-child offense rather than "violent felony." This mistake was of no legal consequence, though the government argues Taylor's failure to raise the matter at sentencing makes it more difficult for him now to overcome the sentencing court's finding that the residual clause played no role in his sentence.

2

In 2015, the Supreme Court held that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). The Court subsequently announced this was a new, substantive rule and therefore applied retroactively. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Taylor sought assistance from the Federal Public Defender's office ("FPD") to determine whether his injury-to-a-child conviction still counted as an ACCA predicate after *Johnson*. The FPD moved the district court for appointment as Taylor's counsel. The district court denied the motion, reasoning it "would result in a waste of judicial resources."

Taylor requested authorization from this court to file another petition under § 2255(h) and again asked for appointment of counsel. While those motions were pending before this court, Taylor filed a "placeholder" petition in the district court to guard against exceeding the one-year deadline to file motions based on *Johnson*. Taylor moved the court to stay or abate the placeholder action until this court could rule on the motions that remained pending here.

Before this court ruled on Taylor's motions, the district court denied the placeholder petition and the motion to stay. The district court ruled that the placeholder petition was untimely[3] and that the ACCA's residual clause "did not play any role in Movant's sentencing." The district court noted Taylor's concession that the injury-to-a-child offense counted as a violent felony, and it stated that Taylor should have challenged the classification of the conviction at sentencing. The district court opined that if Taylor were allowed to file his successive § 2255 motion, "the [federal] sentencing scheme . . . would be

---

[3] The government does not dispute Taylor's assertion that his motion was timely.

No. 16-11384

upended." The court further declared that because Taylor did not argue that his injury-to-a-child conviction fell outside the definition of a violent felony at sentencing, "there would be no basis for a § 2255 review of that issue even if his second and successive § 2255 motion had been his first and even if it had been timely filed."

This court subsequently appointed the FPD as counsel and granted authorization to file a successive § 2255 petition. When granting authorization to file the petition, this court explained that Fifth Circuit precedent indicated that a Texas conviction for injury to a child may not qualify as an ACCA predicate offense in light of *Johnson*.[4] This court warned, however, that "[the] grant of authorization is tentative in that the district court must dismiss the § 2255 motion without reaching the merits if it determines that Taylor has failed to make the showing required to file such a motion." The case was transferred back to the district court "for filing as a § 2255 motion."

Within a week, and before any documents were filed, the district court entered a *sua sponte* order dismissing the action, adopting its reasoning from its previous order dismissing the placeholder motion. The district court denied Taylor's request for a certificate of appealability and concluded that Taylor could not make the showing this court required because Taylor failed to make the argument that injury to a child is not an ACCA predicate offense at the time of his sentencing and on appeal.

---

[4] The court cited *United States v. Gracia-Cantu*, 302 F.3d 308, 311-13 (5th Cir. 2002), *United States v. Andino-Ortega*, 608 F.3d 305, 311 (5th Cir. 2010), and *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011). This court has since issued an opinion holding that Texas's injury-to-a-child offense is broader than ACCA's elements clause. *United States v. Martinez-Rodriguez*, 857 F.3d 282, 286 (5th Cir. 2017).

4

No. 16-11384

Taylor appealed and this court granted a certificate of appealability as to three issues[5] and ordered expedited briefing. Taylor now asks this court to exercise its statutory authority under 28 U.S.C. § 2106 to render judgment in his favor and grant Taylor's motion to vacate the ACCA sentence. He has already served more than 129 months of his 260 month sentence.

## STANDARD OF REVIEW

When considering challenges to a district court's decisions under 28 U.S.C. § 2255, this court reviews questions of law *de novo. United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994). All of the certified issues raise questions of law.

## DISCUSSION

As an initial matter, the government concedes two of the issues certified on appeal. It acknowledges that, under this court's precedent, Taylor's injury-to-a-child conviction no longer counts as an ACCA predicate after *Johnson. See United States v. Martinez-Rodriguez*, 857 F.3d 282, 286 (5th Cir. 2017) (holding as a matter of statutory construction that Texas's injury-to-a-child offense is broader than ACCA's elements clause). The government further concedes that if Taylor's claim is constitutionally based, then Taylor's sentence exceeds the statutory maximum.[6]

The government does not contend that the new rule the Supreme Court announced in *Johnson* was available to Taylor at the time of sentencing or that

---

[5] The issues included: (1) whether the district court erred in concluding that Taylor should have challenged his Texas injury-to-a-child conviction as an ACCA predicate at sentencing; (2) whether the conviction qualifies as an ACCA predicate after *United States v. Johnson*; and (3) whether the sentence imposed now exceeds the statutory maximum.

[6] "[I]f this Court determines that Taylor's current motion presents a constitutional claim under section 2255(h)(2), . . . [the government] would agree to relief from the 260-month sentence as exceeding the 10-year statutory maximum for possessing a firearm as a convicted felon."

Taylor should have challenged his Texas injury-to-a-child conviction.[7] Rather, the government argues that Congress has authorized relief under § 2255(h)(2) only if it is based on "a new rule of *constitutional* law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2) (emphasis added). Pointing to the district court's conclusion that the residual clause played no role at Taylor's sentencing, the government contends that Taylor bears the burden of proof to show that the district court, at his sentencing hearing, construed his injury-to-a-child conviction as an ACCA predicate under the residual clause, rather than the still-valid elements clause. However, the government points to no precedential authority at the time of sentencing finding this crime to be a violent felony under the elements clause.

If Taylor can show that the district court sentenced him under the now constitutionally infirm "residual clause," the government acknowledges that he will have demonstrated that a constitutional error occurred and that he warrants the relief he seeks. If, however, Taylor cannot make that showing—whether because the district court simply did not explicitly determine which clause of the ACCA it used to enhance Taylor's sentence or for some other reason—then, according to the government, the mistake is statutory, not constitutional. In that event, relief could be granted only under 28 U.S.C. § 2241, if at all. Put simply, this case turns on a single issue: Whether Taylor's claim is constitutionally or statutorily based.

Many courts considering this question have rejected the government's position that the defendant must demonstrate that the district judge actually

---

[7] "[T]he government [does] not assert the procedural defense inherent in the first certified issue."

relied on the residual clause during sentencing. These courts' reasons for rejecting the government's position have been many and varied.

For example, the Fourth Circuit addressed an action in which "the record [did] not establish that the residual clause served as the basis for concluding that [defendant's] prior convictions . . . qualified as violent felonies." *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017). That court declined to "penalize a movant for a court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony." *Id.* The court explained that "nothing in the law requires a court to specify which clause it relied upon in imposing a sentence." *Id.* (quoting *In re Chance*, 831 F.3d 1335, 1340 (11th Cir. 2016)). The Fourth Circuit worried that "imposing the burden on movants urged by the government . . . would result in 'selective application' of the new rule of constitutional law announced in *Johnson II*." *Id.* That result would violate "'the principle of treating similarly situated defendants the same.'" *Id.* (quoting *Teague v. Lane*, 489 U.S. 288, 304 (1989)).

The Ninth Circuit has stated that "when it is unclear from the record whether the sentencing court relied on the residual clause, it necessarily is unclear whether the court relied on a constitutionally valid or a constitutionally invalid legal theory." *United States v. Geozos*, 870 F.3d 890, 895 (9th Cir. 2017). The court analogized this situation to that of a defendant who has been convicted by a jury that was instructed on two theories of liability, one valid and the other invalid. *Id.* at 896. Of course, in such situations, under what is known as the "*Stromberg* principle," the Constitution is "violated by a general verdict that *may have* rested on that [invalid] ground." *Id.* (quoting *Griffin v. United States*, 502 U.S. 46, 53 (1991)); *see also Stromberg v. California*, 283 U.S. 359 (1931). The Ninth Circuit was persuaded that a rule analogous to the *Stromberg* principle should apply in the sentencing context.

*Id.* Accordingly, the court held that "when it is unclear whether a sentencing court relied on the residual clause in finding that a defendant qualified as an armed career criminal, but it may have, the defendant's § 2255 claim 'relies on' the constitutional rule announced in *Johnson II.*" *Id.*

Numerous district courts around the country have similarly concluded that the government's position is constitutionally untenable. *See United States v. Wilson*, No. CR 96-0157 (ESH), 2017 WL 1383644, at *3 (D.D.C. Apr. 18, 2017) (collecting cases). One district court noted that the fact that a record may be unclear as to whether a judge relied on the elements clause or the residual clause during sentencing "is neither []surprising nor fatal." *United States v. Booker*, 240 F. Supp. 3d 164, 168 (D.D.C. 2017). That court opined that the position the government adopted would create "the absurd result" that of two defendants who had filed the same motions and had the same prior convictions, one would be entitled to relief if the sentencing judge years earlier had "thought to make clear that she relied on the residual clause." *Id.* at 169 (quoting *Chance*, 831 F.3d at 1340). The court also concluded that adopting the government's position would violate *Teague*'s requirement that similarly situated defendants must be treated the same. *Id.* (quoting *Teague*, 489 U.S. at 304).

The Tenth and Eleventh Circuits, however, have required movants to show something more. The Tenth Circuit determined it is possible to tell whether a district court relied upon the residual clause when the sentencing record is unclear "by looking to the relevant background legal environment at the time of sentencing." *United States v. Snyder*, No. 16-8117, 2017 WL 4171886, at *5 (10th Cir. Sept. 21, 2017) (quoting *Geozos*, 870 F.3d at 896). Courts take a "snapshot" of the law at the time of the sentencing and determine whether a defendant's convictions "fell within the scope" of the other ACCA

clauses. *Id.* If there "would have been no need for reliance on the residual clause," then the defendant fails to meet his burden. *Id.* at \*6.

A few panels of the Eleventh Circuit first suggested in dicta that defendants must bear the burden of demonstrating definitively that the district court relied upon the residual clause when sentencing them under the ACCA. *See In re Moore*, 830 F.3d 1268, 1271-72 (11th Cir. 2016) (suggesting that a movant has the burden of showing that he is entitled to relief even when it is unclear whether the district court relied on the residual clause or other ACCA clauses); *In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016) (opining that a prisoner "must show that he was sentenced under the residual clause in the ACCA").

A subsequent panel of the Eleventh Circuit subverted those decisions and criticized *Moore* for "suggest[ing] that the sentencing court must ignore . . . precedent unless the sentencing judge uttered the magic words 'residual clause.'" *Chance*, 831 F.3d at 1340. The *Chance* panel stated, "[n]ot only is *Moore*'s dicta just that—dicta—but it also seems quite wrong." *Id.* at 1339. The *Chance* panel acknowledged, of course, that "the inmate is the one who has to make the showing that his sentence is now unlawful," *id.* at 1341, but the panel argued that a defendant should be required to show no more than that § 924(e)(2)(B)(ii)[8] may no longer authorize his sentence after *Johnson*— "not proof of what the judge said or thought at a decades-old sentencing." *Id.* at 1341. The *Chance* panel acknowledged, however, that its own opinion was merely dicta. *Id.* at 1339.

---

[8] The provision at issue in *Chance* was not § 924(e)(2)(B), but rather was the "'very similar' § 924(c)(3)(B) residual clause." *Id.* at 1337.

No. 16-11384

Finally, a panel of the Eleventh Circuit ruled, over dissent, that "[t]o prove a *Johnson* claim, the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence." *Beeman v. United States*, No. 16-16710, 2017 WL 4210419, at *5 (11th Cir. Sept. 22, 2017). But the court acknowledged in a footnote that "if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause." *Id.* at *7 n.5. The court stressed that it is the state of the law at the time of the sentencing that matters, and subsequent legal decisions would "cast[] very little light, if any," on the question of whether the defendant was sentenced under the residual clause. *Id.*

We need not decide today which, if any, of these standards we will adopt because we conclude that Taylor's § 2255 claim merits relief under all of them. Like the cases discussed above, here the district court did not specify under which clause of the ACCA it was sentencing Taylor. The district court later concluded that the ACCA's residual clause "did not play any role in Movant's sentencing." The district judge faulted Taylor for failing to object or to obtain clarification. But, as noted by other courts, Taylor had no legal right to such a determination. *See, e.g.*, *Winston*, 850 F.3d at 682; *Chance*, 831 F.3d at 1340 ("Nothing in the law requires a judge to specify which clause of [§ 924(e)(2)(B)]—residual or elements clause—it relied upon in imposing a sentence."). And there was no reason for him to object in 2006 because nearly a decade passed before the Supreme Court decided *Johnson*.

As the government concedes, under *Martinez-Rodriguez*, Texas's injury-to-a-child offense is broader than the ACCA's elements clause. 857 F.3d at 286. And the injury-to-a-child conviction is necessary to sustain Taylor's sentence

10

enhancement because it is one of the three required predicate offenses. *See* § 924(e). This is sufficient to show that § 924(e)(2)(B)(ii) "may no longer authorize his sentence as that statute stands after *Johnson*." *Chance*, 831 F.3d at 1341. Thus, Taylor's claim would merit relief in both the Fourth and Ninth Circuits.

At the time of Taylor's sentencing, this court had not ruled directly on the question of whether Texas's injury-to-a-child offense is broader than the ACCA's elements clause. But here, unlike the cases from the Tenth and Eleventh Circuits, there was precedent suggesting that Taylor's third predicate conviction could have applied only under the residual clause. *See United States v. Gracia-Cantu*, 302 F.3d 308, 311-13 (5th Cir. 2002). Thus, even using the Tenth Circuit's "snapshot" inquiry or the Eleventh Circuit's "more likely than not" test, Taylor would prevail. Theoretically, the district court mistakenly could have been thinking of the elements clause when sentencing Taylor. But this court will not hold a defendant responsible for what may or may not have crossed a judge's mind during sentencing.

Thus, Taylor demonstrated a constitutional injury and satisfies the showing required under § 2255(h)(2). Accordingly, we hold that the district court erred and REVERSE its dismissal of Taylor's § 2255 motion.

Because Taylor has already exceeded the 10-year statutory maximum for his sentence—he has served more than 129 months—and because the government stated that "if this Court determines that Taylor's current motion presents a constitutional claim, . . . [the government] would agree to relief," we exercise our authority under § 2106 and vacate the ACCA enhancement of his sentence.

11

No. 16-11384

## CONCLUSION

For the aforementioned reasons, we REVERSE the district court and grant Taylor's 28 U.S.C. § 2255 motion. We further exercise our authority under 28 U.S.C. § 2106 to vacate the ACCA enhancement and reform Taylor's sentence to the statutory maximum of 10 years. Because he has served more than the 10-year maximum, we order Taylor's immediate release.