# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11601

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

FREDRICK LYNN CAIN,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:16-CR-26-1

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:*

Fredrick Cain appeals his sentence in regard to the treatment of his conviction under TEX. HEALTH & SAFETY CODE § 481.112(a) as a "serious drug offense" for purposes of an enhancement under the Armed Career Criminal Act

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11601

("ACCA"). Finding his argument foreclosed by circuit precedent, we affirm.

## I.

Cain pleaded guilty of possession of a firearm after a felony conviction (Count I) and possession of a controlled substance with intent to distribute (Count II). The presentence report ("PSR") identified three[1] Texas drug convictions for possession with intent to deliver a controlled substance, TEX. HEALTH & SAFETY CODE § 481.112(a), triggering enhancements under 18 U.S.C. § 924(e)(2)(A)(ii). The district court overruled Cain's objection and sentenced him, within the enhanced range, to 192 months for Count I with a concurrent 36 months for Count II.

## II.

The district court did not err in ruling that Cain's convictions were serious drug offenses. A conviction under Section 481.112(a) qualifies for the ACCA enhancement under § 924(e).[2] Cain acknowledges that binding circuit precedent forecloses his position but contends that *United States v. Johnson*, 135 S. Ct. 2251 (2015), and *Torres v. Lynch*, 136 S. Ct. 1619 (2016), undermine that precedent. We disagree.

*Johnson* addressed the residual clause under the violent-felonies portion of the ACCA, which *Winbush* and *Vickers* distinguished from the serious-drug-offense portion. *Torres*'s discussion of how to define "described" in the Immigration and Nationality Act does not undermine *Winbush*'s and *Vickers*'s discussions of the word "involving" in the ACCA. Those decisions based the interpretation of § 924(e) on an analysis of *Taylor v. United States*, 495 U.S. 575

---

[1] The PSR listed four convictions as qualifying under the ACCA, but the government conceded at sentencing that the fourth did not support an ACCA sentence.

[2] *See United States v. Vickers*, 540 F.3d 356 (5th Cir. 2008); *United States v. Winbush*, 407 F.3d 703 (5th Cir. 2005).

No. 16-11601

(1990), and the statutory context of the ACCA.[3]

Because no Supreme Court decisions "expressly or implicitly"[4] overrule *Winbush* or *Vickers,* we AFFIRM.

---

[3] *See Vickers,* 540 F.3d at 365; *Winbush,* 407 F.3d at 707–08 (citing *United States v. King,* 325 F.3d 110 (2d Cir. 2003)).

[4] *United States v. Tanksley,* 848 F.3d 347, 350 (5th Cir. 2017) (internal quotation omitted).