# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50447
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SIMON CASTRO, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CV-152

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Simon Castro, Jr., federal prisoner # 26068-180, was convicted of being a felon in possession of a firearm. The district court sentenced Castro under the Armed Career Criminal Act (ACCA) on account of Castro's several prior Texas convictions involving burglaries of habitations. Castro filed a 28 U.S.C. § 2255 motion in which he sought to vacate the ACCA sentence based on *United States v. Johnson*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). The district court denied the § 2255 motion, and Castro

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50447

timely appealed.  This court granted a certificate of appealability based on the decision in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc), *pets. for cert. filed* (April 18, 2018) (No. 17-1445) and (May 21, 2018) (No. 17-9127), which was issued while the appeal was pending.

Castro argues that the district court erred in denying his § 2255 motion because, given *Johnson* and *Herrold*, his prior Texas burglary convictions do not qualify as violent felonies under the ACCA.  He asserts that the judgment denying his § 2255 motion should be vacated and the matter remanded for resentencing.  Whether a prior conviction qualifies as a predicate offense for purposes of the ACCA is a legal question that we review de novo.  *See United States v. Taylor,* 873 F.3d 476, 479 (5th Cir. 2017).

The ACCA provides enhanced penalties for a felon in possession of a firearm who has three prior convictions for violent felonies or serious drug offenses.   18 U.S.C.  § 924(e)(1).   A violent felony is defined as a crime punishable by more than one year in prison that (1) has as an element the use, attempted use, or threatened use of physical force against another (the elements clause), or (2) is the enumerated offense of burglary, arson, or extortion, or involves the use of explosives (the enumerated offenses clause), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause).   § 924(e)(2)(B); *Taylor,* 873 F.3d at 477 n.1.

In *Johnson*, 135 S. Ct. at 2557, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague, and, in *Welch*, 136 S. Ct. at 1265, it held that *Johnson* applies retroactively to cases on collateral review. Thus, to the extent that Castro's ACCA sentence was based on the residual clause, it cannot stand.  *See Johnson*, 135 S. Ct at 2557.  *Johnson*, though, has no effect on the elements or enumerated offenses clauses.  *See id.* at 2563.

No. 17-50447

Prior to *Herrold* the Texas burglary statute was regarded as divisible, and a conviction under Texas Penal Code § 30.02(a)(1) was considered a generic burglary. *See Herrold*, 883 F.3d at 529. However, *Herrold* establishes that Texas burglary convictions under § 30.02(a)(1), such as Castro's convictions, cannot serve as ACCA predicate convictions because the Texas burglary statute is indivisible and a conviction under § 30.02(a)(3) does not qualify as generic burglary. *See id.* at 541. Thus, Castro's ACCA sentence cannot stand under the enumerated offenses clause. *See id.*

The Government essentially concedes that Castro is entitled to relief based on the decision in *Herrold*; however, it moves to hold the appeal in abeyance. The Government asserts that an abeyance is warranted because its petition for a writ of certiorari in *Herrold* is pending and because there are three other cases presently before the Supreme Court that may have a bearing on the outcome of the instant appeal.

Even where the Supreme Court has granted certiorari, this court is bound by its own precedent, unless and until that precedent is altered by a decision of the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986). Although there may be circumstances in which an abeyance is appropriate while a decision of this court is being challenged in the Supreme Court, we conclude that the circumstances of this matter do not warrant an abeyance order. As Castro points out, absent the ACCA enhancement his maximum sentence would have been 10 years of imprisonment, *see* 18 U.S.C. § 924(a)(2), and seemingly he has already been imprisoned for more than that length of time.

**VACATED AND REMANDED; MOTION DENIED. THE MANDATE SHALL ISSUE FORTHWITH.**