# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11352
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 15, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLINTON DEVONE HICKS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-570-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Clinton Devone Hicks pleaded guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was sentenced under the Armed Career Criminal Act (ACCA) to the statutory minimum sentence of 180 months of imprisonment for each offense, to be served concurrently. *See* 18 U.S.C. § 924(e). On appeal, Hicks argues that his prior Texas convictions for possession with intent to deliver a controlled substance

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11352

are not serious drug offenses for purposes of the ACCA enhancement and that the indictment did not allege the convictions that formed the basis of the enhancement.

The Government has filed an unopposed motion for summary affirmance. In the alternative, the Government seeks an extension of time to file its brief.

As the Government argues and Hicks concedes, his argument that his prior convictions are not serious drug offenses under the ACCA is foreclosed by *United States v. Cain*, 877 F.3d 562, 562-63 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1579 (2018), and *United States v. Vickers*, 540 F.3d 356, 363-66 (5th Cir. 2008). His argument challenging the indictment is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998).

In addition, Hicks argues that § 922(g) does not allow for prosecutions for the possession of firearms that traveled in interstate commerce in the distant past, and that if the statute does allow such convictions, it is unconstitutional. He further argues that the statute requires the Government to prove that he knew that: he possessed a firearm, he was a felon, and the firearm was in or affecting interstate commerce.

The Government argues and Hicks concedes that his interstate commerce argument is foreclosed by *United States v. Alcantar*, 733 F.3d 143, 145-56 (5th Cir. 2013). His argument challenging the constitutionality of § 922(g) is foreclosed by *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001). Finally, his mens rea argument is foreclosed by *United States v. Dancy*, 861 F.3d 77, 81-82 (5th Cir. 1988).

The judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is GRANTED. Its alternative motion for an extension of time is DENIED as unnecessary.