# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 15, 2019

Lyle W. Cayce
Clerk

No. 18-11138
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTWAINE ENTA YARBROUGH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-198-1

Before KING, SOUTHWICK, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Antwaine Enta Yarbrough appeals the 180-month statutory minimum sentence imposed following his guilty plea to possession of a firearm by a convicted felon. Yarbrough argues that: (1) his prior Texas convictions for possession with intent to deliver a controlled substance and for delivery of a controlled substance are not serious drug offenses for purposes of the Armed Career Criminal Act enhancement, 18 U.S.C. § 924(e), and (2) his sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11138

violates his due-process rights because his indictment did not specify the prior convictions that formed the basis of his sentencing enhancement and he did not admit to the convictions in the factual resume supporting his guilty plea. The Government has filed an unopposed motion for summary affirmance and, alternatively, seeks an extension of time to file its brief.

As the Government argues and Yarbrough concedes, his first issue is foreclosed by *United States v. Cain*, 877 F.3d 562, 562-63 (5th Cir. 2017) (per curiam), and *United States v. Vickers*, 540 F.3d 356, 363-66 (5th Cir. 2008), and his second argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998).   Because the issues are foreclosed, summary affirmance is appropriate.  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED.  The Government's alternative motion for an extension of time to file its brief is DENIED.