# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11150

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

MICHAEL RENEE HERNANDEZ,

Defendant – Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-511

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

The district court denied Michael Renee Hernandez's successive § 2255 habeas motion after he failed to prove that the sentencing court relied on the residual clause to impose his ACCA-enhanced sentence in violation of *Johnson*. Upon careful review, we agree that Hernandez failed to show it was more likely than not that the sentencing court relied on the residual clause. Thus, the district court lacked jurisdiction over the merits of his motion. Because it is unclear whether the district court denied Hernandez's motion based on a lack

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11150

of jurisdiction or on the merits, this court VACATES the district court's order and DISMISSES Hernandez's motion for lack of jurisdiction. The motion for reconsideration of this court's order supplementing the record is DENIED as moot.

## BACKGROUND

Appellant Michael Renee Hernandez, federal prisoner # 36872-177, pleaded guilty in 2007 to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A conviction under § 922(g)(1) generally carries a maximum prison sentence of ten years. 18 U.S.C. § 924(a)(2). However, if a defendant has at least three prior convictions for "serious drug offenses" or "violent felonies" that were committed on different occasions from one another, he may be eligible for sentencing under the Armed Career Criminal Act ("ACCA"), which carries a 15-year minimum sentence. 18 U.S.C. § 924(e). At the time he pled guilty to violating § 922(g)(1), Hernandez had seven prior Texas burglary convictions. The sentencing court apparently counted at least three of those prior convictions as "violent felonies" because it imposed an ACCA sentencing enhancement and sentenced Hernandez to 188 months' imprisonment. Defense counsel did not object to the use of the burglary convictions to enhance the sentence.

Hernandez did not file a direct appeal, and his first 28 U.S.C. § 2255 habeas motion was denied as untimely in 2014. Then, the Supreme Court decided *Johnson*, which held unconstitutional any ACCA-enhanced sentence imposed under the residual clause, one of three clauses in the ACCA defining a "violent felony."[1] 135 S. Ct. 2551, 2563 (2015). Claiming that his prior Texas

---

[1] At the time Hernandez pled guilty to violating § 922(g)(1), "the ACCA defined 'violent felony' as a 'crime punishable by imprisonment for a term exceeding one year' that (1) 'has as an element the use, attempted use, or threatened use of physical force against the person of another' ('the force clause'); (2) 'is burglary, arson, or extortion, [or] involves [the] use of

No. 16-11150

burglary convictions only qualified as "violent felonies" under the now-invalidated residual clause, Hernandez received permission from this court to file a successive § 2255 habeas motion alleging that his sentence had been unconstitutionally enhanced and that he was entitled to relief under *Johnson*.

The district court dismissed Hernandez's successive § 2255 habeas motion as untimely after finding that he failed to establish a right to relief under *Johnson*. Thereafter, this court granted Hernandez a certificate of appealability ("COA") on two issues: (1) whether his motion was timely under 28 U.S.C. § 2255(f)(3), and (2) whether Hernandez is entitled to relief from his ACCA-enhanced sentence. Also pending is Hernandez's opposed motion seeking reconsideration of our prior order supplementing the record with documents pertaining to his Texas burglary convictions.

Although neither the COA nor Hernandez's motion mentions jurisdiction, two intervening decisions from this circuit resulted in a flurry of briefing from the parties on whether Hernandez established the jurisdictional predicate to bring a successive § 2255 habeas motion. Because "[a] federal court of appeals has a duty to inquire into the basis of its jurisdiction and of the jurisdiction of the district court," this court will address jurisdiction before the other issues. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998).

---

explosives' ('the enumerated offenses clause'); or (3) 'otherwise involves conduct that presents a serious potential risk of physical injury to another' ('the residual clause')." *See United States v. Clay*, 921 F.3d 550, 555 (5th Cir. 2019) (quoting 18 U.S.C. § 924(e)(2)(B)).

No. 16-11150

## DISCUSSION

On appeal of an order concerning a 28 U.S.C. § 2255 habeas motion, this court reviews the district court's findings of fact for clear error and questions of law de novo. *See United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994). "If the district court did not have jurisdiction to reach the merits, naturally, we cannot reach the merits on appeal." *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018). Instead, when the district court lacked jurisdiction, this court's jurisdiction is limited to "correcting the error of the lower court in entertaining the suit." *New York Life Ins. Co.*, 142 F.3d at 883 (internal quotation marks and citation omitted).

This case is governed by our recent decisions in *Wiese* and *Clay*. As those opinions explain, "[u]nder 28 U.S.C. §§ 2244(b) and 2255(h), '[a] second or successive habeas application must meet strict procedural requirements before a district court can properly reach the merits of the application.'" *United States v. Clay*, 921 F.3d 550, 554 (5th Cir. 2019) (quoting *Wiese*, 896 F.3d at 723). "First, [this court] must grant the prisoner permission to file a second or successive motion, which requires the prisoner to make a 'prima facie showing' that the motion relies on a new claim resulting from either (1) 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' or (2) newly discovered, clear and convincing evidence that but for the error no reasonable fact finder would have found the defendant guilty." *Wiese*, 896 F.3d at 723 (quoting 28 U.S.C. §§ 2244(b), 2255(h)). Hernandez cleared this first jurisdictional hurdle when he received permission from this court to file a successive § 2255 habeas motion on June 21, 2016. "Second, the prisoner must actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *Id.* (citing 28 U.S.C. § 2244(b)).

4

No. 16-11150

Proof of reliance on a new and retroactive constitutional rule (or on new evidence) is necessary for the district court to have jurisdiction over the merits. Hernandez's claim fails at this second jurisdictional hurdle.

Hernandez based his successive § 2255 habeas motion on *Johnson*, which announced "a new rule of constitutional law," 28 U.S.C. § 2244(b), that was made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Thus, "[t]he dispositive question for jurisdictional purposes . . . is whether [Hernandez's] sentencing court relied on the residual clause in making its sentencing determination—if it did, then *Johnson* creates a jurisdictional predicate for the district court, and for our court on appeal, to reach the merits of [his] motion." *Wiese*, 896 F.3d at 724. As this court held in *Clay*, Hernandez "must show that it was more likely than not that he was sentenced under the residual clause" for his claim to "rely on" *Johnson* within the meaning of 28 U.S.C. § 2244(b). *Clay*, 921 F.3d at 559. If he fails to make this showing, *Johnson* does not create a jurisdictional predicate and this court cannot reach the merits. *Id.*

The record makes it evident that Hernandez failed to show by a preponderance of the evidence that the sentencing court relied on the residual clause. Although that court did not specify which definitional clause of the ACCA it used to find that Hernandez had been convicted of at least three "violent felonies," all of Texas Penal Code § 30.02(a) was considered "generic burglary" at the time of Hernandez's sentencing in March 2008, which means that his prior convictions for Texas burglary would have qualified as "violent felonies" under the enumerated offenses clause—and reliance on the residual clause would have been unnecessary. *See, e.g.*, *United States v. Ricks*, 756 F. App'x 488, 489 (5th Cir. 2019) ("When Ricks was sentenced in March 2008, all violations of the Texas burglary statute were deemed generic

5

No. 16-11150

burglary.").[2]  Moreover, counsel for Hernandez at the time raised no objection to the classification of his prior burglaries for enhancement purposes under the ACCA.

That this court held in October 2008—nearly six months after Hernandez was sentenced—that not every subsection in Texas Penal Code § 30.02(a) qualifies as generic burglary has no bearing on whether the sentencing court, at the time Hernandez was sentenced, would have relied on the residual clause to impose an enhancement.  *Compare United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008) (holding in October 2008 that "a burglary conviction under § 30.02(a)(3) of the Texas Penal Code is not generic burglary"), *with Wiese*, 896 F.3d at 724 ("[W]e must look to the law at the time of sentencing to determine whether a sentence was imposed under the enumerated offenses clause or the residual clause.").

Hernandez argues that even though this court did not officially hold that portions of Texas Penal Code § 30.02(a) were non-generic until October 2008, there were nevertheless rumblings in the case law by March 2008 that should have alerted the sentencing court to the prospect that § 30.02(a)'s status as "generic burglary" was on shaky ground.  *See United States v. Herrera-Montes*, 490 F.3d 390, 392 (5th Cir. 2007) (holding that a provision of a Tennessee statute that was "identical" to § 30.02(a)(3) did not qualify as generic burglary).

At most, this argument shows that the sentencing court *might have* relied on the residual clause.  This court acknowledged, when it officially declared § 30.02(a)(3) to be non-generic in October 2008, that although "this court [had] appeared to be on the verge of directly stating that *Herrera-Montes*

---

[2] *Ricks* is an unpublished opinion and thus not precedential or binding on this court; however, it is persuasive as evidence of this court's prior practice under similar facts.

applies to § 30.02(a)(3)," it had yet to "definitively" resolve the issue. *Constante*, 544 F.3d at 586–87. The enumerated offenses clause was still technically available in March 2008 as a vehicle for qualifying prior convictions as "violent felonies." Thus, contrary to Hernandez's assertions, it would not have been "plain error" for the sentencing court to have relied on it at his sentencing. *See Wiese*, 896 F.3d at 725 (identifying *Constante* as the bright line after which § 30.02(a)(3) was no longer considered generic burglary). More to the point, the fact that "rumblings" existed means that the issue about generic burglary was equally available to defense counsel as to the court, yet defense counsel said nothing and did not object to the ACCA classification.[3] It is difficult to see how a successive habeas court could find that the sentencing

---

[3] Hernandez contends that this court has been inconsistent in explaining whether we will consider a sentencing court's subjective mindset when evaluating whether it relied on the residual clause for purposes of a successive § 2255 habeas motion. He claims that certain language in *United States v. Taylor*, 873 F.3d 476 (5th Cir. 2017), is at odds with *Wiese*. For reasons explained below, this court rejects that contention.

*Taylor* held that the defendant showed it was more likely than not that the sentencing court relied on the residual clause because, at the time of sentencing, case law "suggest[ed] that Taylor's third predicate conviction could have applied only under the residual clause." *Taylor*, 873 F.3d at 482. That Taylor's sentencing judge might have erroneously thought the conviction qualified under a different ACCA clause was irrelevant. *Id*. ("Theoretically, the district court mistakenly could have been thinking of the elements clause when sentencing Taylor. But this court will not hold a defendant responsible for what may or may not have crossed a judge's mind during sentencing."). In other words, *Taylor* shows that this court will assume the sentencing judge *accurately applied the law* as it existed at the time of sentencing.

*Wiese* held that the defendant failed to show even a possibility that the sentencing court relied on the residual clause because "there was absolutely nothing to put the residual clause on the sentencing court's radar" given that "all of § 30.02(a) was considered generic burglary" at the time of Wiese's conviction. *Wiese*, 896 F.3d at 725. "That we held five years later that § 30.02(a)(3) is not generic burglary . . . is of no consequence to determining the mindset of a sentencing judge in 2003." *Id*. In other words, *Wiese* shows that this court will assume the sentencing judge accurately applied the law *as it existed at the time of sentencing*.

Contrary to Hernandez's assertion, neither opinion makes broad (or incompatible) pronouncements about the need to prove a sentencing judge's subjective mindset. Rather, both opinions look to the legal landscape at the time of sentencing to gauge the probability that the sentencing judge relied on the residual clause, operating under the assumption that the judge would have known and accurately applied the law.

court *more likely than not* erroneously relied on the residual clause, under circumstances where defense counsel *apparently must have relied* on pre-*Constante* law (by making no objection), and the demonstrated trend before *Constante* was to treat all of Texas Penal Code § 30.02(a) as generic burglary.[4]

Against this backdrop, Hernandez failed to prove that the sentencing court more likely than not relied on the residual clause to impose his ACCA-enhanced sentence. *Clay*, 921 F.3d at 559. For this reason, Hernandez's successive § 2255 habeas motion does not "rely on" *Johnson*, and the district court lacked jurisdiction to reach the motion's merits. *Id.*

The district court's order is **VACATED** and Hernandez's successive § 2255 habeas motion is **DISMISSED** for lack of jurisdiction.[5]

---

[4] The Supreme Court's recent decision in *Quarles v. United States*, No. 17-778, 2019 WL 2412905 (U.S. June 10, 2019), 587 U.S. _ (2019), does not affect this case directly, inasmuch as the issue here is whether a sentencing judge in 2008 would more likely than not have resorted to the residual clause of the ACCA.

[5] It is unnecessary to reach other issues identified by the COA or to reconsider our prior order supplementing the record, which is therefore Denied as moot.