# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-11176

———————

United States Court of Appeals
Fifth Circuit

**FILED**
January 24, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAGDALENO MEDINA, JR., also known as Magdaleno Medina,

Defendant-Appellant

———————

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 6:16-CV-26

———————

Before HAYNES and OLDHAM, Circuit Judges, and HANEN,* District Judge

PER CURIAM:**

Appellant, Magdaleno Medina, Jr., was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The indictment also alleged a sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). Medina pleaded guilty pursuant to a plea agreement requesting a sentence of 195 months. Accompanying the plea

---

* District Judge of the Southern District of Texas sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement was a signed factual resume.  In it, Medina admitted that he had been convicted of three prior felonies, all in Texas: (1) a 1996 conviction for aggravated assault with a deadly weapon; (2) a 2005 conviction for aggravated assault with a deadly weapon; and (3) a 2005 conviction for possession of cocaine with the intent to distribute.  Medina further admitted that "each of [his prior] convictions qualifie[d] as either a 'violent felony' or 'serious drug offense, and he [was], therefore, subject to the enhanced penalty provision in the [ACCA].'"[1]  Consistent with the plea agreement and factual resume, the sentencing court found that Medina's three prior Texas felony convictions satisfied the prerequisites for an enhanced sentence under the ACCA.  The court then sentenced Medina to the statutory minimum of 180 months of imprisonment.

Medina challenged his conviction and sentence on appeal, but the appeal was dismissed for want of prosecution.  Medina later filed a collateral attack on his conviction under 28 U.S.C. § 2255.  That case was dismissed with prejudice by the district court in 2012.  Medina never appealed that dismissal.

Three years later, the Supreme Court struck down the residual clause of the ACCA's violent felony definition as unconstitutionally vague under the Due Process Clause. *Johnson v. United States*, 135 S. Ct. 2551 (2015).  A year later, the Supreme Court made *Johnson*'s ruling retroactively applicable to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257 (2016).  Following these Supreme Court rulings, Medina filed a second § 2255 motion arguing the application of the ACCA sentencing enhancement to his felon in possession of a firearm conviction violated his right to due process because the sentencing

---

[1] While a conviction under 18 U.S.C. 924(a)(2) typically carries a maximum sentence of ten years, the ACCA imposes a fifteen-year minimum sentence on defendants who have at least three prior convictions for "violent felonies" or "serious drug offenses."  *See* 18 U.S.C. § 924(e)(1).

No. 17-11176

court allegedly relied on the unconstitutionally vague residual clause in classifying his aggravated assault convictions as violent felonies.  The district court transferred his motion to this Court to consider whether to grant the required authorization to file a second § 2255 motion.  This Court granted that authorization and returned the case for further consideration.

Following briefing by both sides, the district court denied Medina's motion, finding that (1) his prior aggravated assault convictions both fall under the "use of force" clause of § 924(e)(2)(B)(i); (2) nothing in the record indicates that any of the convictions were ever considered using the ACCA's residual clause; and (3) Medina's motion is time-barred.  Medina appealed.

## STANDARD OF REVIEW

"In challenges to district court decisions under 28 U.S.C. § 2255, we measure findings of fact against the clearly erroneous standard and questions of law *de novo*."  *United States v. Faubion*, 19 F.3d 226, 228 (5th Cir. 1994).  "If the district court did not have jurisdiction to reach the merits, naturally, we cannot reach the merits on appeal."  *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1328 (2019).

## DISCUSSION

To receive a sentencing enhancement under the ACCA, a defendant must have been convicted of any combination of at least three "violent felonies" or "serious drug offenses" that occurred on different occasions from one another. 18 U.S.C. § 924(e).  The ACCA defines "violent felony" as a "crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" ("the elements clause"); (2) "is burglary, arson, or extortion, [or] involves [the] use of explosives" ("the enumerated offenses clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" ("the residual clause").  *Id*. § 924(e)(2)(B).  In *Johnson*, the

No. 17-11176

Supreme Court struck down the residual clause as unconstitutionally vague; consequently, convictions that only fall under it could not serve to support an ACCA enhancement.

This is Medina's second time filing a habeas petition. A prisoner filing "[a] second or successive habeas application must meet strict procedural requirements before a district court can properly meet the merits of the application." *Wiese*, 896 F.3d at 723 (citing 28 U.S.C. §§ 2244(b) & 2255(h)). "There are two requirements, or 'gates,' which a prisoner making a second or successive habeas motion must pass to have it heard on the merits." *Id.* The prisoner first must seek and receive this Court's permission to file a second or successive motion by "mak[ing] a 'prima facie showing' that the motion relies on a new claim resulting from either (1) 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' or (2) newly discovered, clear and convincing evidence that but for the error no reasonable fact finder would have found the defendant guilty." *Id.* (quoting 28 U.S.C. §§ 2244(b) & 2255(h)).

If, as here, the Court grants that permission, "the prisoner must [next] actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *Id.* (citing §§ 2244(b)(2), (4)). To prove that a successive petition relies on the rule established in *Johnson*, a prisoner "must show that it was more likely than not that he was sentenced under the residual clause." *United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019), *as revised* (Apr. 25, 2019); *see also Wiese*, 896 F.3d at 724. In considering whether that showing has been made, the Court "must look to the law at the time of sentencing," and may consider "(1) the sentencing record for direct evidence of a sentence . . . and (2) the relevant background legal environment that existed at the time of the defendant's sentencing and the presentence report and other relevant materials before the

No. 17-11176

district court." *Wiese*, 896 F.3d at 724 & 725.[2] "Where a prisoner fails to make the requisite showing before the district court, the district court lacks jurisdiction and must dismiss his successive petition without reaching the merits."[3] *Clay*, 921 F.3d at 554.

Medina's petition argues his sentence was improperly imposed under the residual clause and, because it was illegal, this Court should allow this successive § 2255 petition and reverse the original sentence. Medina, however, has not met his burden of showing that it was more likely than not that the sentencing judge relied on the residual clause. As an initial matter, it is beyond question that his conviction for possession of cocaine with the intent to distribute is a "serious drug offense," both now and at the time of conviction. *See United States v. Cain*, 877 F.3d 562 (5th Cir. 2017). Indeed, Medina does not challenge that finding on appeal. *See* Appellant's Br. at 1–2. Therefore, the remaining question is whether it is more likely than not that the sentencing court relied on the residual clause in finding Medina's two convictions for aggravated assault with a deadly weapon were "violent felonies." We find it is not.

---

[2] Medina contends that this Court's decision in *Wiese* contradicted our prior published decision in *United States v. Taylor*, 873 F.3d 476 (5th Cir. 2017). More specifically, he contends that while *Taylor* held that a petitioner did not have to prove "what may or may not have crossed a judge's mind during sentencing," 873 F.3d at 482, *Wiese* requires the opposite as it sets out the means for determining "potential reliance on the residual clause by the sentencing court" and places that burden on the petitioner. 896 F.3d at 725. Medina's argument, however, is misplaced. Both cases analyzed other circuit's relevant precedents in this area, and both determined the result would be the same applying any of those standards. The difference was that in *Taylor*, at the time of sentencing, an ACCA enhancement based upon a Texas conviction for injury to a child "could have only applied under the residual clause." 873 F.3d at 482. In *Wiese*, by contrast, a Texas burglary of a habitation conviction could have qualified under the enumerated offenses clause such that Wiese failed to demonstrate that the sentencing judge "may have" relied upon the residual clause. 896 F.3d at 725.

[3] Medina argues that a district court's gatekeeping function under § 2255(h) is "a waivable or forfeitable claims processing rule" and not truly jurisdictional. Appellant's Br. at 34. That argument is foreclosed by this Court's decision in *Clay*.

No. 17-11176

To begin, Medina has not presented any tangible evidence suggesting the sentencing court relied on the residual clause. Accompanying Medina's plea agreement is a signed factual resume. In it, Medina "admits that each of [his Texas Aggravated Assault with a Deadly Weapon] convictions qualif[y] as … a 'violent felony' . . . and he is, therefore, subject to the enhanced penalty provision in 18 U.S.C. § 924(e)." The factual resume does not specify under which clause they qualify. Additionally, the plea agreement itself has an agreed upon recommendation of 195 months. Thus, this agreement clearly anticipates the application of the ACCA. The Presentence Investigation Report cites and affirms the factual resume stating that "[p]ursuant to his Factual Resume, Medina admitted that each of [his prior] convictions qualified as a 'violent felony' or 'serious drug offense' and he is, therefore, subject to the enhanced penalty provision in 18 USC § 924(e)." It does not specify or suggest the use of the residual clause. No transcript of the sentencing hearing has been produced in the record. In a recent case where a prisoner similarly failed to put forward any evidence suggesting explicit reliance on the residual clause, this Court held that the "more likely than not" standard was not satisfied. *Clay*, 921 F.3d 550. Consistent with that decision, we find Medina has not met his burden.

Medina's only remaining argument is that "at the time of sentencing, [his] offense could not satisfy ACCA's elements clause," and therefore the sentencing court must have relied on the residual clause. Appellant's Br. at 14. This argument also falls short. The indictments corresponding to his previous aggravated assault convictions charged violations of Texas Penal Code § 22.02(a)(2). In pleading guilty to the counts in these indictments, Medina acknowledged that he "commit[ted] assault as defined in Section 22.01 and . . . use[d] or exhibit[ed] a deadly weapon during the commission of the

assault." At the time of the offense, assault as defined in Texas Penal Code §
22.01 applied where a person:

(1) intentionally, knowingly, or recklessly causes bodily injury to
another, including the person's spouse;

(2) intentionally or knowingly threatens another with imminent bodily
injury, including the person's spouse; or

(3) intentionally or knowingly causes physical contract with another
when the person knows or should reasonably believe the other will
regard the contact as offensive or provocative.

In *United States v. Martinez*, 962 F.2d 1161, 1168–69 (5th Cir. 1992),
this Court held that a prior (and broader) version of Texas's aggravated assault
statute "require[d] proof of the use or threat of physical force," i.e. that it
satisfied the elements clause. In *Martinez*, as here, the defendant was
convicted for Texas aggravated assault with a deadly weapon. *Id.* Medina
argues that, at the time of his sentencing, the law in this circuit would have
foreclosed a finding that his offenses required the use of physical force.
Appellant's Br. at 14. In support of this proposition, Medina cites to a line of
cases discussing the difference between crimes focused on the resultant harm
and those requiring the actual use of force by the defendant. *Id.* at 14–15.
Under this line of cases, intoxication assault, simple assault, aggravated
assault of a peace officer, endangering a child, and injury to a child were all
held not to satisfy the elements clause. *See United States v. Vargas-Duran,*
356 F.3d 598, 606 (5th Cir. 2004) (Texas intoxication assault); *United States v.
Villegas-Hernandez,* 468 F.3d 874, 882–883 (5th Cir. 2006) (Texas felony
assault); *United States v. Fierro-Reyna,* 466 F.3d 324, 326 (5th Cir. 2006)
(Texas aggravated assault of a peace officer); *United States v. Calderon-Pena,*
383 F.3d 254 (5th Cir. 2004) (en banc) (Texas endangering a child); *United*

No. 17-11176

*States v. Gracia-Cantu*, 302 F.3d 308 (5th Cir. 2002) (Texas injury to a child).[4] Further, Medina cites to cases which hold that the defendant must intentionally avail himself of the use of force. Appellant's Br. at 15–16.

These cases suggest, at most, that the legal landscape surrounding the elements clause's applicability to aggravated assault convictions in Texas required case-specific analysis. Despite this line of cases, Appellant has not cited, and the Court cannot find, any case upsetting the core holding of *Martinez*—that aggravated assault with a deadly weapon was a "violent felony" under the elements clause. To the contrary, mere months after Medina's sentencing, this Court, citing its decision in *Martinez*, affirmed an ACCA sentencing enhancement premised on a Texas aggravated assault conviction. *See United States v. Sneed*, 329 F. App'x 563 (5th Cir. 2009). As such, the law surrounding Texas aggravated assault with a deadly weapon was settled at the time of Medina's sentencing—albeit not in his favor.

Even assuming Medina could convince this Court that there was uncertainty surrounding the offense, his ultimate claim would not fare any better as he still lacks the requisite proof. In a recent case, this Court held that uncertainty in the legal landscape at the time of conviction "[a]t most . . . shows that the sentencing court *might have* relied on the residual clause." *United States v. Hernandez*, 779 F. App'x 195, 199 (5th Cir. 2019) (emphasis added); *see also Taylor*, 873 F.3d at 482 (finding prisoner met the "more likely than not" standard where circuit precedent prior to conviction had settled that the predicate offense could have applied only under the residual clause).

---

[4] The Court notes that four of these cases—*Vargas-Duran*, *Villegas-Hernandez*, *Calderon-Pena*, and *Gracia-Cantu*—were recently overruled in whole or in part by this Court's decision in *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc). The Court cites to these cases only to examine the legal landscape at the time of Medina's sentencing.

No. 17-11176

Considering the lack of evidence and the legal landscape surrounding Texas aggravated assault, Medina has failed to meet his burden of showing that the sentencing court more likely than not relied on the residual clause. Therefore, he has failed to satisfy the jurisdictional requirements for a successive petition under § 2255.  Thus, this Court does not have jurisdiction to reach the merits of his claim and the district court was correct in dismissing this petition.

## CONCLUSION

For the foregoing reasons, the ruling of the district court is AFFIRMED.