# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2020

Lyle W. Cayce
Clerk

No. 20-10408
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TERROL DEBAUN TRAVIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-270-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Terrol Debaun Travis appeals the sentence imposed after his guilty plea conviction for possession of a firearm by a felon. He maintains that the district court erred by applying the provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and imposing enhanced punishment. He

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

contends that, for purposes of the ACCA, his prior convictions in Texas for possession with intent to deliver a controlled substance and for aggravated assault with a deadly weapon do not constitute predicate offenses.

Travis asserts that his conviction in Texas for possession with intent to deliver a controlled substance does not qualify as a "serious drug offense" under the ACCA because the statute of conviction can be violated by an offer to sell. However, as he admits, his claim is foreclosed. *See United States v. Cain*, 877 F.3d 562, 562-563 (5th Cir. 2017); *United States v. Vickers*, 540 F.3d 356, 364-65 (5th Cir. 2008).

He also argues that his conviction in Texas for aggravated assault with a deadly weapon is not a "violent felony" under the ACCA because the crime can be committed with a mens rea of recklessness and does not require the use, attempted use, or threatened use of physical force. His challenge, as he acknowledges, is foreclosed. *See United States v. Torres*, 923 F.3d 420, 425-26 (5th Cir. 2019); *United States v. Gracia-Cantu*, 920 F.3d 252, 253-54 (5th Cir.), *cert. denied*, 140 S. Ct. 157 (2019); *United States v. Gomez Gomez*, 917 F.3d 332, 333-34 (5th Cir. 2019), *petition for cert. filed* (U.S. July 19, 2019) (No. 19-5325).

The Government has filed an unopposed motion for summary affirmance and, alternatively, requests an extension of time to file its brief. Because the issues presented on appeal are foreclosed, summary affirmance is proper. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Thus, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.