# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2024

Lyle W. Cayce
Clerk

No. 24-10413
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CLARENCE RAY SMITH, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:08-CR-48-1

Before KING, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Clarence Ray Smith, Jr., federal prisoner # 37863-177, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. On appeal, Smith contends that his 235-month sentence for being a felon in possession of a firearm is an "unusually long sentence," which qualifies under U.S.S.G. § 1B1.13(b)(6), p.s. (2023), as an extraordinary or compelling

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

reason for his compassionate release. He also argues that the district court erred in weighing the 18 U.S.C. § 3553(a) factors and that they favor relief.

We review the denial of a § 3582(c)(1)(A)(i) motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Smith has not shown that he satisfies the criteria for his to be considered an "unusually long sentence" under § 1B1.13(b)(6), p.s. If he were sentenced today, Smith's three predicate Texas convictions for possession with the intent to deliver a controlled substance would still be considered "serious drug offenses" under 18 U.S.C. § 924(e); thus, he would still be sentenced as an armed career criminal under § 924(e) and U.S.S.G. § 4B1.4, and his guidelines and statutory ranges of imprisonment would remain the same. *See United States v. Clark*, 49 F.4th 889, 892-93 (5th Cir. 2022); *United States v. Prentice*, 956 F.3d 295, 299-300 (5th Cir. 2020); *United States v. Cain*, 877 F.3d 562, 562-63 (5th Cir. 2017). Accordingly, he has failed to demonstrate a change in the law that "would produce a gross disparity between" his current sentence and "the sentence likely to be imposed" when he filed his motion. § 1B1.13(b)(6), p.s. Furthermore, he abandons, for failing to reprise on appeal, his arguments that his susceptibility to contracting COVID-19 and harsh prison conditions are extraordinary and compelling circumstances warranting relief. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). As such, he fails to show any abuse of discretion in the district court's finding that he failed to demonstrate the existence of extraordinary and compelling circumstances. *See Chambliss*, 948 F.3d at 693.

Because Smith fails to show that the district court abused its discretion in denying his motion for compassionate release based on its finding that he failed to establish extraordinary and compelling circumstances, we do not reach his arguments concerning the § 3553(a) factors. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693. The district court's decision is AFFIRMED.